The PEOPLE of the State of Colorado ex rel. Jeris A. DANIELSON, State Engineer, and Steven Vandiver, Division Engineer for Water Division No. 3, Plaintiffs-Appellants,

v.

Betty F. PLANK, personal representative of David O. Plank, individually, and d/b/a Ala-Vista Truck Center, Defendant-Appellee.

No. 86SA346.

Supreme Court of Colorado,
En Banc.

Dec. 5, 1988.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Wendy C. Weiss, First Asst. Atty. Gen., Denver, for plaintiffs-appellants.

Mark D. Masters, Michael L. Bieda, Englewood, for David O. Plank prior to his death.

No appearance for Defendant-Appellee Betty F. Plank.

PER CURIAM.

This case was before us to determine the constitutionality of section 37–92–503(1)(b), 15 C.R.S. (1973), which provides for the award of attorney's fees against a person who violates an order of the state water engineer (State). As the case is now postured, we reverse and remand to the district court for further proceedings consistent with this opinion.

In November 1984, the division engineer for Water Division No. 3 issued an order to the defendant, David O. Plank, pursuant to section 37–92–502, 15 C.R.S. (1973 & 1988 Supp.), to immediately cease diverting wa-

ter from an unpermitted, unregistered well. Defendant failed to comply with the order. Pursuant to section 37–92–503(1)(a), the State sought to enjoin defendant's continuing use of the well in the district court for Water Division No. 3. The complaint requested costs and attorney's fees under section 37–92–503(1)(b). Prior to trial defendant agreed to stop diverting water from the well. The only issue that remained was the amount of attorney's fees, if any, that should be awarded. At a subsequent hearing the district court, *sua sponte*, raised the issue of the constitutionality of section 37–92–503(1)(b) and entered an order declaring the statute to be unconstitutional on the grounds that the statute denied defendant equal protection of the law, U.S. Const. amend XIV and Colo. Const. art. II, sec. 25, and equal access to the courts, Colo. Const. art. II, sec. 6. The State appealed the district court's order which declared section 37–92–503(1)(b) to be unconstitutional.

In February 1988, defendant's attorney filed a suggestion of death and informed this court at oral argument that defendant David O. Plank had died in September 1987. On March 3, 1988, defendant's attorney filed a statement of position stating that he did not represent defendant's estate and questioned whether attorney's fees awarded pursuant to section 37–92–503(1)(b) could be collected after the defendant's death. The State responded that Betty F. Plank, defendant's wife and personal representative, should be substituted for the defendant. The defendant's personal representative was thereafter substituted as a party defendant. We directed the parties to brief the issue of whether the order to pay attorney's fees arising out of enforcement of the injunction survives defendant's death. C.A.R. 43(a). We received a supplemental brief from the State. On September 19, 1988, we directed that a copy of the State's supplemental brief be forwarded to the personal representative and ordered that she be granted thirty days to enter an appearance and file a response brief on the survivability of the claim for attorney's fees. The personal representative defaulted by failing to enter an appearance or file a response.

█ The district court, *sua sponte*, raised the question of whether section 37–92–503(1)(b) is constitutional when reviewed against equal protection standards or violates defendant's right of equal access to the courts. We disagree with the district court's conclusion that the statute fails to meet equal protection standards. The district court properly held that the rational basis test was the proper method for reviewing the equal protection issue. In the absence of a statutory infringement on a fundamental right or the creation of a suspect class, which is not involved here, equal protection of the laws is satisfied if the statutory classification has a reasonable basis in fact and bears a rational relationship to a legitimate governmental interest. *See Persichini v. Brad Ragan, Inc.*, 735 P.2d 168 (Colo.1987); *Lee v. Colorado Dept. of Health*, 718 P.2d 221 (Colo.1986); *Hurricane v. Kanover, Ltd.*, 651 P.2d 1218 (Colo.1982). No showing has been made that the statutory classification is unreasonable or, if reasonable, is unrelated to any legitimate governmental objective. *Persichini v. Brad Ragan, Inc.*, 735 P.2d at 175; *Lee v. Colorado Dept. of Health*, 718 P.2d at 227; *People v. Velasquez*, 666 P.2d 567 (Colo.1983), *appeal dismissed sub. nom. Velasquez v. Colorado*, 465 U.S. 1001, 104 S.Ct. 989, 79 L.Ed.2d 223 (1984).

█ Section 37–92–503(1)(b) is reasonably related to a legitimate governmental interest. Section 37–92–503(1)(b) has a rational basis and does not violate the constitutional equal protection of the laws' requirement.

█ The district court also held that section 37–92–503(1)(b) is unconstitutional as there is no rational basis to justify the nonreciprocal award of attorney's fees, thereby denying defendant's equal access to the courts. Because we hold that section 37–92–503(1)(b) is rationally related to a legitimate governmental interest, the lack of equal opportunity to recover attorney's fees does not violate Colo. Const. art. II, sec. 6. *Torres v. Portillos*, 638 P.2d 274

(Colo.1981). Defendant was not denied access to the court.

Accordingly, we reverse the district court's order declaring section 37–92–503(1)(b) unconstitutional and remand for further proceedings consistent with this opinion.