Concerning the Application for Water Rights of the City and County of Broomfield.

The CITY AND COUNTY OF BROOM-FIELD, a county and Colorado municipal corporation, Applicant–Appellee

v.

The FARMERS RESERVOIR AND IRRIGATION COMPANY, a Colorado corporation, Opposer–Appellant

and

Brighton Ditch Company, City of Aurora, Central Colorado Water Conservancy District, City of Englewood, City of Thornton, City of Westminster, East Cherry Creek Valley Water and Sanitation District, Public Service Company of Colorado, United Water & Sanitation District, Lupton Bottom Ditch Company, Lupton Meadows Ditch, New Coal Ridge Ditch Company, New Consolidated Lower Boulder Reservoir and Ditch Company, Northern Colorado Water Conservancy District, Platte Valley Irrigation Company, South Adams Water and Sanitation District, and City of Boulder, Opposers–Appellees

and

John W. Suthers, Attorney General, State of Colorado, Intervenor–Appellee

and

James R. Hall, Division Engineer, Water Division 1, Appellee Pursuant to C.A.R. 1(e).

No. 09SA269.

Supreme Court of Colorado, En Banc.

Sept. 27, 2010.

Harvey W. Curtis & Associates, Harvey W. Curtis, David L. Kueter, Sheela S. Stack, Englewood, Colorado, Attorneys for Applicant–Appellee City and County of Broomfield, a county and Colorado municipal corporation.

Law Office of Akolt and Akolt, LLC, John P. Akolt, III, John C. Akolt, II, Brighton, Colorado, Attorneys for Opposer–Appellant Farmers Reservoir and Irrigation Company, a Colorado corporation.

John W. Suthers, Attorney General, Chad M. Wallace, Assistant Attorney General, Autumn L. Bernhardt, Assistant Attorney General, Federal, Interstate, and Reserved Water Rights, Natural Resources and Environment Section, Denver, Colorado, Attorneys for Intervenor–Appellee John W. Suthers, Attorney General, State of Colorado.

No appearance on or behalf of Opposers–Appellees Brighton Ditch Company, City of Aurora, Central Colorado Water Conservancy District, City of Englewood, City of Thornton, City of Westminster, East Cherry Creek Valley Water and Sanitation District, Public Service Company of Colorado, United Water & Sanitation District, Lupton Bottom Ditch Company, Lupton Meadows Ditch, New Coal Ridge Ditch Company, New Consolidated Lower Boulder Reservoir and Ditch Company, Northern Colorado Water Conservancy District, Platte Valley Irrigation Company, South Adams Water and Sanitation District, and City of Boulder; and Appellee Pursuant to C.A.R. 1(e), James E. Hall, Division Engineer, Water Division 1.

Justice BENDER delivered the Opinion of the Court.

## I. Introduction

In this appeal, we review the water court's award of costs against Farmers Reservoir and Irrigation Company ("FRICO") for the trial concerning the City and County of Broomfield's ("Broomfield") application for a change in the use of water rights. See City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co., 235 P.3d 296, 298–99 (Colo. 2010). Pursuant to Rule 54(d) of the Colorado Rules of Civil Procedure, a court may award costs to a prevailing party, but the court may not award costs against the State of Colorado, its officers or its agencies, unless provided by law. Under our precedent, this exemption from the award of costs applies to municipalities and municipal corporations. FRICO, which is a mutual ditch company, contends that it is exempt from paying costs under C.R.C.P. 54(d) because a substantial number of its shareholders are municipalities and municipal corporations. We hold that mutual ditch companies are not subdivisions of the state and therefore that a water court has discretion to award costs against a mutual ditch company, such as FRICO.

FRICO also challenges Rule 54(d) on grounds that it violates due process and equal protection guarantees contained in Amendment XIV to the United States Constitution and article II, sections 6 and 25 of the Colorado Constitution. We review whether Rule 54(d) infringes upon a fundamental constitutional right or creates a suspect class. As we explain, the right to oppose a water application is not a fundamental right under the Colorado Constitution. Instead, it is a statutory right under the Water Right Determination and Administration Act of 1969. Additionally, classifying litigants on the basis of whether they are governmental or non-governmental entities is not a suspect classification under the Equal Protection Clause. Because the award of costs against a non-governmental entity neither impacts a fundamental constitutional right nor implicates a suspect class, we review whether Rule 54(d) is rationally related to a legitimate state interest. Applying this standard, the exemption of the government from costs in litigation is rationally related to the goal of protecting the public treasury. Accordingly, we affirm the trial court's award of costs against FRICO.

## II. Facts and Proceedings

Broomfield and Pulte Homes Corporation ("Pulte") filed an application to change the use of certain water rights. Pulte later conveyed its interest in the water rights and withdrew as an applicant. FRICO, United Water and Sanitation District ("United"), and other parties opposed Broomfield's application.

The water court scheduled a trial to determine whether Broomfield's proposed changes to the use of water rights would injuriously affect the water rights of others. Before trial, Broomfield entered into stipulations with all parties that opposed its application except FRICO and United. The water court then held trial for two days to resolve the factual and legal issues raised by FRICO. Six witnesses, including two experts, testified for Broomfield. Broomfield submitted approximately one hundred exhibits to support its application for a change of use. FRICO submitted one exhibit as evidence but called no witnesses in opposition. The water court found that Broomfield's proposed change of water rights would not injuriously affect the water rights of others.

After trial, Broomfield submitted to the water court a bill of costs, which listed and described the costs that Broomfield incurred as a result of the trial and requested the court award these costs against FRICO. FRICO responded by requesting a hearing to address the following questions: (1) whether Broomfield's alleged costs were reasonable; (2) whether a mutual ditch company is exempt from costs under Rule 54(d); and (3) whether Rule 54(d) violates the due process and equal protection guarantees contained in the United States and Colorado Constitutions because it awards costs against non-public water rights holders but not against the government.[1] FRICO did not allege that Rule 54(d) violates the First Amendment to the United States Constitution. Because FRICO asserted constitutional challenges to Rule 54(d), the Attorney General filed a motion to intervene in the case, which the court granted.

The water court ruled as a matter of law that FRICO did not qualify for the exemption from costs under Rule 54(d). The court reasoned that, because FRICO is a mutual ditch company, it is not an officer or agent of the state even though it may have municipal shareholders.[2] The water court also rejected FRICO's claims that Rule 54(d) violates due process and equal protection guarantees of the United States and Colorado Constitutions.

The water court held a hearing on the reasonableness of Broomfield's alleged costs and, based on the evidence presented, awarded $33,825.79 in costs in favor of Broomfield and against FRICO. FRICO appealed directly to this court challenging the water court's award of costs. In this appeal, FRICO does not dispute that $33,825.79 is a reasonable award or that Broomfield is the prevailing party.[3]

### III. Analysis

Although not explicitly stated, we construe FRICO's briefs as raising four separate issues for our review: (1) whether FRICO is exempt from costs under C.R.C.P. 54(d) because a substantial number of its shareholders are municipalities and municipal corporations; (2) whether Rule 54(d) infringes upon the right of access to courts under the Petition Clause of the First Amendment to the United States Constitution; (3) whether Rule 54(d) infringes upon the right of access to courts under the Due Process Clause of the United States and Colorado Constitutions and under article II, section 6 of the Colorado Constitution; and (4) whether Rule 54(d) violates the right of equal protection of the law under the Fourteenth Amendment to the United States Constitution and under article II, section 25 of the Colorado Constitution. We address each issue in turn.

### A. Exemption from Costs Under Rule 54(d)

■ We begin by considering whether FRICO, as a mutual ditch company, is ex-

---

1. FRICO argued in its response brief to the water court that the disparate treatment between the government and private parties for the award of costs violates several provisions of the United States and Colorado Constitutions. FRICO stated:

   The "one-sided" assessment of costs and fees against non-public water right owners is an unconstitutional constraint on the exercise of the rights of the non-public water right owner to seek a change of water right or to protect the vested rights of an already decree[d] water right in violation of the [C]ommerce [C]lause of the United States Constitution (Article I, Section 8, [C]lause 3), a violation of . . . 42 U.S.C. § 1983, a violation of due process, Amendment V of the Constitution of the United States and a violation of equal protection, Amendment XIV of the Constitution of the United States. . . . [In addition, the rule is a] violation of due process and equal protection

of [a]rticle II, [s]ection 15[and] [a]rticle II, [s]ection 6 of the Constitution of the State of Colorado.

(emphasis omitted). In this appeal, FRICO does not advance its claims that Rule 54(d) violates the Commerce Clause or 42 U.S.C. § 1983.

2. The water court held that United, a water and sanitation district, is a subdivision of the State of Colorado and therefore exempt from paying costs under 54(d). *See* § 32–4–403, C.R.S. (2010).

3. For the purpose of our review, we accept FRICO's offer of proof that Manual Montoya, the general manager of FRICO, would have testified that several municipalities and municipal districts own a majority (or more) of the shares in various divisions of FRICO. The water court accepted Montoya's testimony for the purpose of completing the appellate record only.

empt from costs under C.R.C.P. 54(d) because a substantial number of its shareholders are exempt from costs under that rule. To determine whether the water court has discretion to award costs against a mutual ditch company, we examine the language of Rule 54(d).[4]

■■■ We review the trial court's interpretation of a rule of civil procedure de novo because it presents a question of law. *See People v. Shell*, 148 P.3d 162, 178 (Colo.2006); *Leaffer v. Zarlengo*, 44 P.3d 1072, 1078 n. 6 (Colo.2002); *see also Isis Litigation, L.L.C. v. Svensk Filmindustri*, 170 P.3d 742, 744 (Colo.App.2007). We interpret a rule of procedure according to its commonly understood and accepted meaning. *Leaffer*, 44 P.3d at 1078. Words and provisions should not be added to a rule, and the inclusion of certain terms in a rule implies the exclusion of others. *Shell*, 148 P.3d at 178.

By its terms, Rule 54(d) permits a court to award costs to a prevailing party. However, the water court may not award costs against the State of Colorado, its officers, or its agencies, unless permitted by law. The rule states in relevant part:

> Except when express provision therefor is made either in a statute of this state or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs; *but costs against the state of Colorado, its officers or agencies, shall be imposed only to the extent permitted by law.*

C.R.C.P. 54(d) (emphasis added).

The rule enumerates three groups that are generally exempt from paying costs: the State of Colorado, its officers, and its agencies. By enumerating these three groups that are explicitly exempt from costs, the statute implies that all other groups are not exempt from costs. A mutual ditch company, which acts in a representative capacity for many municipalities, does not fall within the specified groups that are exempt from costs under Rule 54(d). Therefore, the plain language of Rule 54(d) permits costs against mutual ditch companies.

This plain reading of Rule 54(d) is consistent with prior cases, which have upheld both the applicability of that rule in water court proceedings and the water court's award of costs against mutual ditch companies. We have previously addressed whether Rule 54(d) is applicable to water court proceedings, considering their unique and specialized nature. 85 P.3d 536, 539–41 (Colo.2004). In *Fort Morgan Reservoir and Irrigation Co.*, we held that the water court has discretion to award costs from the point the case is transferred from the water referee to the water court. *Id.* at 541 ("[When] a water rights case ceases to be a dispute handled informally by a water referee, and becomes litigation involving pre-trial discovery, sworn live testimony, and expert witnesses, it rests within the sound discretion of the trial court to determine whether, at the trial's conclusion, there is a prevailing party entitled to costs."). Similarly, two other cases establish that mutual ditch companies are subject to costs under Rule 54(d). In *Central Colorado Water Conservancy District v. Simpson*, we stated that mutual ditch companies were "private entities" and therefore did not qualify for an exemption from costs under Rule 54(d). 877 P.2d 335, 349 (Colo.1994). In *Farmers Reservoir and Irrigation Co. v. City of Golden*, we affirmed the water court's award of costs specifically against FRICO, the same mutual ditch company in the present case. 113 P.3d 119, 128–29 (Colo.2005).

FRICO contends that mutual ditch companies should be included in the groups exempt from costs under Rule 54(d) because the assessment of costs will ultimately be passed on to its shareholders, who are exempt from costs. FRICO argues that immunizing mutual ditch companies against costs is consis-

---

4. We note that the Colorado Rules of Civil Procedure apply to water court proceedings, except as otherwise provided by statute or by the Water Court Rules. C.R.C.P. 81(a); *Cornelius v. River Ridge Ranch Landowners Ass'n*, 202 P.3d 564, 569 (Colo.2009). Rule 54(d) governs the award of costs because no rule or statute prohibits its application in water court proceedings. *See Fort*

*Morgan Reservoir & Irrigation Co. v. Groundwater Appropriators of the S. Platte River Basin, Inc.*, 85 P.3d 536, 541 (Colo.2004) ("Since there is no statute or rule prohibiting the award of costs, and the unique nature of water right proceedings does not preclude the applicability of Rule 54(d), the award of costs necessarily rests in the sound discretion of the water court.").

tent with the purpose of the exemption. In support of its argument, FRICO cites *Jacobucci v. District Court* for the principle that the shareholders are the owners of the water rights and therefore that FRICO is simply an extension of those shareholders. 189 Colo. 380, 386–88, 541 P.2d 667, 671–72 (1975).

The General Assembly has the power to determine which entities are subdivisions of the state and which entities are exempt from costs under Rule 54(d). For example, the General Assembly has expressly declared that a water conservancy district is a political subdivision of the State of Colorado and a body corporate with all the powers of a public or municipal corporation. § 37–45–112(7), C.R.S. (2010). As a result, a water conservancy district constitutes an agency of the state, which is exempt from costs absent some express legislative authorization. *See Cent. Colo. Water Conservancy Dist.*, 877 P.2d at 349. In contrast, the General Assembly has defined a mutual ditch company as an association of three or more people to form a corporation for the purposes of constructing a ditch or reservoir as set forth in its articles of incorporation. *See* § 7–42–101(1). The legislature has not designated mutual ditch companies as agencies of the state. *See* §§ 7–42–101 to –118.

The case that FRICO cites, *Jacobucci*, does not set forth the principle that a mutual ditch company deserves the same status as a state agency. In that case, we held that shareholders of a mutual ditch company are indispensible parties in an action to condemn the shareholders' decreed water rights. *Jacobucci*, 189 Colo. at 384–85, 541 P.2d at 670. However, from that holding, it does not follow that a mutual ditch company is immune from costs because it manages the water rights of municipalities and municipal corporations. This court cannot add a provision to the statutes governing mutual ditch companies that would shield them from costs because they represent shareholders who are agencies of the state.

Given the plain meaning of Rule 54(d) and our precedent, we hold that a mutual ditch company is not the state, its officers, or its agencies, and that a water court may there-fore award costs against a mutual ditch company, such as FRICO.

## B. The Right of Access to Courts Under the First Amendment

■ FRICO next alleges that C.R.C.P. 54(d) infringes upon the right of access to courts under the Petition Clause of the First Amendment to the United States Constitution. However, FRICO did not preserve this issue for appeal.

■ We do not consider constitutional issues raised for the first time on appeal. *City & Cnty. of Denver v. Desert Truck Sales, Inc.*, 837 P.2d 759, 765–66 (Colo.1992); *People v. Cagle*, 751 P.2d 614, 619 (Colo. 1988). To assert separate and independent constitutional claims, the appellant must raise each issue with the trial court. *See Rose v. City & Cnty. of Denver*, 990 P.2d 1120, 1121 (Colo.App.1999), *cert. denied* No. 99SC523 (Colo. Dec. 20, 1999) (holding that, because plaintiff raised claims under the Fourth and Fourteenth Amendments at trial, but not a claim under the Petition Clause of the First Amendment, plaintiff had not pre-served the First Amendment claim for appellate review).

In response to Broomfield's bill of costs, FRICO stated that Rule 54(d) is an unconstitutional constraint on the ability of private persons to seek a change of water rights or to protect their vested water rights. FRICO then alleged that Rule 54(d) violates a number of federal and state constitutional provisions. However, it did not allege that Rule 54(d) violates the Petition Clause of the First Amendment. Because FRICO did not make a specific argument regarding the Petition Clause of the First Amendment, we hold that FRICO did not preserve this issue for review, and we do not consider it.

## C. The Right of Access to Courts Under the Due Process Clause

■ Even though FRICO did not preserve the issue of access to courts under the First Amendment, FRICO did raise in the water court the issue of whether this right was protected under due process guarantees in the United States and Colorado Constitutions

and under the open courts provision of article II, section 6 of the Colorado Constitution. Although FRICO's challenge in the trial court was not entirely clear, we construe its argument as follows: C.R.C.P. 54(d) permits the water court to assess costs against nongovernmental entities, but not against governmental entities; and this disparity deprives nongovernmental entities of a neutral forum for asserting their water rights. Although not explicitly stated, FRICO has challenged Rule 54(d) on the basis that it violates a fundamental constitutional right of access to the courts.

The United States and Colorado Constitutions guarantee that no person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Colo. Const. art. II, § 25. In reviewing a challenge based on substantive due process of law grounds, we initially ask whether the challenged rule infringes upon a fundamental constitutional right. *See Lujan v. Colo. State Bd. of Educ.*, 649 P.2d 1005, 1014–16 (Colo.1982). If the statute does not infringe upon a fundamental constitutional right, then the applicable test for reviewing a substantive due process challenge is the rational basis test. *Ferguson v. People*, 824 P.2d 803, 808 (Colo.1992). Under this test, the party challenging the rule or statute has the burden of establishing beyond a reasonable doubt that the rule lacks a rational relationship to a legitimate governmental interest. *Id.*

As a preliminary matter, we note that FRICO has asserted two different rights that should not be confused—the right to access the courts and the right of any person to oppose a water application. The right of access to courts cannot be viewed alone because a person necessarily petitions the court to assert a substantive right. The fundamental rights inquiry focuses on the substantive right that a person seeks to vindicate, not on the right to access the court. *See, e.g., Boddie v. Connecticut*, 401 U.S. 371, 380–81, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971) (right of access to courts necessary for asserting the right to get divorced); *United States v. Kras*, 409 U.S. 434, 444–45, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973) (right of access to courts

necessary for asserting the right to discharge debts through bankruptcy). Therefore, in conducting our analysis, we focus on whether the right to oppose a water application is a fundamental right under the Colorado Constitution.

The right to oppose another's water application is not inherent in the Colorado Constitution. Rather, the legislature has granted this right through the Water Right Determination and Administration Act of 1969. Article XVI, section 5 of the Colorado Constitution provides that the public owns waters that have not been appropriated. This constitutional provision, however, does not declare who can enforce the public's ownership of unappropriated water: "The water of every natural stream, not heretofore appropriated, within the state of Colorado, is hereby declared to be the property of the public, and the same is dedicated to the use of the people of the state, subject to appropriation as hereinafter provided." Colo. Const. art. XVI, § 5. This language does not state that "any person" has standing to assert the public's ownership of unappropriated water. Rather, two statutory provisions grant standing to oppose a water application. *Buffalo Park Dev. Co. v. Mountain Mut. Reservoir Co.*, 195 P.3d 674, 687 (Colo.2008); *see also Shirola v. Turkey Cañon Ranch Ltd. Liab. Co.*, 937 P.2d 739, 747 (Colo.1997). The first provision, section 37–92–302(1)(b), allows any person to oppose a water application by filing a verified statement of opposition setting forth facts as to why an application should not be granted. The second provision, section 37–92–305(3)(a), requires a water referee or judge to afford any person who has a legally protected interest in a vested water right or a conditional decree (other than the state engineer) an opportunity to propose terms or conditions that would prevent an injurious effect on that protected interest. *Shirola*, 937 P.2d at 747. Because the right to oppose a water application originates from these statutory provisions, we hold that this right is not a fundamental constitutional right.

On a separate but related issue, FRICO argues that Rule 54(d) also violates article II, section 6 of the Colorado Constitu-

tion, which provides that "[c]ourts of justice shall be open to every person." The right of equal access to courts does not necessarily mean that a litigant has the right to engage in cost-free litigation. A burden on a party's right of access to courts will be upheld as long as it is reasonable. *See, e.g., Firelock Inc. v. Dist. Court,* 776 P.2d 1090, 1095–96 (Colo.1989) (holding that the Colorado Mandatory Arbitration Act did not deny access to courts even though it provided that parties must arbitrate claims less than $50,000, subject to judicial review, and imposed costs of arbitration on a party who did not increase its position by at least 10 percent in the district court). In the water law context, this court has held that fee shifting statutes do not infringe on the right of access to courts. *People ex rel. Danielson v. Plank,* 765 P.2d 570, 571 (Colo.1988) (holding that section 37–92–503(1)(b), which awards costs and fees to the state engineer when it issues an order and then applies to the water court to uphold that order, does not deny equal access to courts). Thus, we hold that the award of costs under Rule 54(d), as applied to FRICO in the context of this case, does not infringe upon a fundamental constitutional right.

### D. Classification of Governmental Entities

■ Having determined that FRICO does not claim the denial of a fundamental right, we address whether the classification of parties into governmental and non-governmental entities for the purpose of awarding costs under C.R.C.P. 54(d) violates equal protection guarantees contained in the United States and Colorado Constitutions.

The Equal Protection Clause provides that "[no State shall] deny to any person within its jurisdiction equal protection of the laws." U.S. Const. amend. XIV, § 1. Colorado's Constitution does not contain a similar provision, but the right to equal protection of the law is guaranteed to Colorado citizens by means of the due process clause of article II, section 25 of the Colorado Constitution. *Cent. Colo. Water Conservancy Dist.,* 877 P.2d at 340–41. The central concern behind the right to equal protection of the law "has been to root out any action by government

which ... is tainted by 'prejudice against discrete and insular minorities,' the sort of prejudice 'which tends ... to curtail the operation of those political processes ordinarily to be relied upon to protect minorities' in our society." Laurence H. Tribe, *American Constitutional Law* 1465 (2d ed.1988) (quoting *United States v. Carolene Prods. Co.,* 304 U.S. 144, 152 n. 4, 58 S.Ct. 778, 82 L.Ed. 1234 (1938)). Based on this principle, the United States Supreme Court has held that certain classifications are "so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy." *City of Cleburne v. Cleburne Living Ctr.,* 473 U.S. 432, 440, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985).

The parties do not dispute that, for the purposes of assessing litigation costs, Rule 54(d) classifies parties into one of two categories, governmental or non-governmental entities. However, distinguishing between governmental and non-governmental entities does not create a suspect class under equal protection guarantees in the United States and Colorado Constitutions. *See Lee v. Colo. Dept. of Health,* 718 P.2d 221, 227–28 (Colo. 1986) (holding that the Colorado Governmental Immunity Act, which limits liability for public entities but does not restrict liability for private tortfeasors, did not create a suspect classification).

### E. Application of the Rational Basis Test

■ Because the right to oppose another's water application is not a fundamental constitutional right and because C.R.C.P. 54(d)'s classification of governmental and non-governmental entities does not create a suspect class, we review the award of costs against a non-governmental agency pursuant to the rational basis test. Under that test, we consider whether the rule is rationally related to a legitimate state purpose. *HealthONE v. Rodriguez ex rel. Rodriguez,* 50 P.3d 879, 893 (Colo.2002).

■ Rule 54(d) permits the water court to award costs against private persons but not against the state or its subdivisions. Under the state constitution, the court pos-

sesses plenary authority to create procedural rules in both civil and criminal cases. *Borer v. Lewis,* 91 P.3d 375, 380 (Colo.2004).[5] The purpose of this distinction is to protect the public treasury, which, in turn, is consistent with the concept that the government cannot be sued without its consent (i.e., sovereign immunity). *See Slovek v. Bd. of Cnty. Comm'rs of Weld Cnty.,* 697 P.2d 781, 782 (Colo.App.1984) *aff'd* 723 P.2d 1309, 1313–14 (Colo.1986). The legislature alone has the power to balance the interests between protecting the public against excessive financial burdens and allowing individual parties to sue the government. *Medina v. State,* 35 P.3d 443, 453 (Colo.2001).

If the classification between governmental and nongovernmental entities under Rule 54(d) did not exist, then the court would possess the discretion to award litigation costs against the government when it is not the prevailing party. The government would face the potential of paying its opponent's costs in addition to its own when it pursues a case that is ultimately unsuccessful. Thus, the classification between governmental and non-governmental entities under Rule 54(d) is rationally related to the goal of protecting the public treasury because the rule prohibits a water court from awarding costs to a party who prevails against the government. Hence, we hold that Rule 54(d) violates neither due process nor equal protection guarantees contained in the United States and Colorado Constitutions.

## IV. Conclusion

For the reasons stated above, we affirm the water court's order awarding costs to Broomfield and against FRICO.

Justice EID concurs in part and concurs in the judgment in part, and Justice COATS joins in the concurrence in part and concurrence in the judgment in part.

Justice EID, concurring in part and concurring in the judgment in part.

I agree with the majority that a mutual ditch company such as FRICO is a non-governmental entity even where a substantial number of its shareholders are government entities. Accordingly, I join part III.A of the majority's opinion. I would, however, take a different approach to FRICO's constitutional challenge than that taken by the majority. The majority observes that, "[a]lthough not explicitly stated," FRICO raises four separate constitutional claims, which the majority then proceeds to reject. Maj. op. at 1274–79. The thrust of FRICO's objection is that Rule 54(d) entitles government entities to disparate (and more favorable) treatment than non-governmental entities in terms of costs. At bottom, this is an equal protection claim— a claim that fails under *Lee v. Colo. Dep't of Health,* 718 P.2d 221 (Colo.1986), where we upheld, against a similar challenge, the recovery limitations set forth in the Colorado Governmental Immunity Act. There, we found no equal protection violation where the need to protect the public fisc justified the more favorable treatment of government tortfeasors, which were subject to recovery limitations, and private tortfeasors, who were not. The same rationale applies here to support Rule 54(d). Therefore, I concur only in the judgment with regard to the remainder of the majority's opinion.

I am authorized to state that JUSTICE COATS joins in this concurrence in part and concurrence in the judgment in part.

5. Article VI, section 21 of the Colorado Constitution provides that "[t]he supreme court shall make and promulgate rules governing the administration of all courts and shall make and promulgate rules governing practice and procedure in civil and criminal cases...."