2013 COA 159

**The PEOPLE of the State of Colorado, Petitioner–Appellee,**

**IN the INTEREST OF J.J.M., a Child,**

**and**

**Concerning J.D.G.M., Respondent–Appellant.**

**Court of Appeals No. 13CA1177**

Colorado Court of Appeals, Div. VII.

Announced November 21, 2013

Douglas J. Friednash, City Attorney, Laura Grzetic Eibsen, Assistant City Attorney, Denver, Colorado, for Petitioner–Appellee.

H. Zachary Sloan, Elizabeth A. Fordyce, Jeffrey C. Koy, Guardians Ad Litem.

Packer Law Firm, LLC, Amy J. Packer, Lisa M. Gomez, Littleton, Colorado, for Respondent–Appellant.

Opinion by JUDGE NEY *

¶ 1 J.D.G.M. (father) appeals the order adjudicating his child dependent and neglected. Father contends the juvenile court erred in its allocation of peremptory challenges under Colorado Rule of Juvenile Procedure 4.3(b). We affirm.

## I. Background

¶ 2 The Department of Human Services of the City and County of Denver (the Department) filed a petition in dependency or neglect with regard to J.J.M., an eight-month-old, based on allegations that the child had been brought to the emergency room and diagnosed with retinal hemorrhaging, a subdural hematoma with a brain shift, and chronic and acute brain bleeds. The Department also alleged that the child's injuries were not consistent with father's explanation of the injuries, and father used marijuana.

¶ 3 Father denied that the child was dependent or neglected and requested a jury trial. After a three-day jury trial and based on the jury's verdict, the juvenile court adjudicated the child dependent and neglected.

¶ 4 Father appeals.

## II. Peremptory Challenges

¶ 5 There is no constitutional right to peremptory challenges. *Blades v. DaFoe,* 704 P.2d 317, 320 (Colo.1985). The supreme court has granted the right to peremptory challenges in dependency and neglect cases by rule of civil procedure, specifically C.R.J.P. 4.3(b).

¶ 6 C.R.J.P. 4.3(b) provides, "Examination, selection, and challenges for jurors in such

---

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2013.

cases shall be as provided by C.R.C.P. 47, except that the petitioner, all respondents, and the guardian ad litem shall be entitled to three peremptory challenges. No more than nine peremptory challenges are authorized."

¶ 7 We review the juvenile court's interpretation of a rule of civil procedure de novo because it presents a question of law. *City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co.,* 239 P.3d 1270, 1275 (Colo.2010). We interpret a rule of procedure according to its commonly understood and accepted meaning. *Id.* Words and provisions should not be added to a rule, and the inclusion of certain terms in a rule implies the exclusion of others. *Id.*

¶ 8 Here, prior to the voir dire examination, the juvenile court ruled that father and the child's mother would have three peremptory challenges, the Department would have three peremptory challenges, and the guardian ad litem (GAL) would have three peremptory challenges, for a total of nine challenges.

¶ 9 We discern no error in the juvenile court's allocation of peremptory challenges prescribed in C.R.J.P. 4.3(b). The rule expressly requires a collective total of three challenges for "all respondents," irrespective of the number of parties who are respondents. Here, father and the child's mother were the respondents. Thus, they were included in the "all respondents" group and were entitled to a total of three challenges.

¶ 10 Further, we disagree with father's argument that because the Department and the GAL were aligned, they should have shared peremptory challenges. C.R.J.P. 4.3(b) expressly provides for three challenges each for the Department and the GAL. Also, nothing in the rule provides for allocation based on whether the parties are aligned. *Cf.* C.R.C.P. 47(h) ("Each side shall be entitled to four peremptory challenges, and if there is more than one party to a side they must join in such challenges."); *see Morgan Cnty. Dep't of Soc. Servs. v. J.A.C.,* 791 P.2d 1157, 1158 (Colo.App.1989) (trial court "aligned" the child and the guardian ad litem with the other petitioners when it considered peremptory challenges under C.R.C.P. 47(h)).

¶ 11 We recognize that the Department and the GAL may have had a similar position with regard to the adjudication of the child as dependent or neglected. We also acknowledge that "if one side is accorded a disproportionate number of peremptory challenges it will enjoy a tactical advantage because it will have the power to select a jury presumably balanced in its favor by challenging a greater number of jurors." *Koustas Realty, Inc. v. Regency Square P'ship,* 724 P.2d 97, 99 (Colo.App.1986). However, C.R.J.P. 4.3(b) does not give the juvenile court discretion to increase the number of peremptory challenges given to each respondent or decrease the number of peremptory challenges given to the Department and the GAL. *See Fieger v. E. Nat'l Bank,* 710 P.2d 1134, 1137 (Colo.App.1985) (C.R.C.P.47(h) does not give a court discretion to increase the number of peremptory challenges given to each side); *see also Hodges v. People,* 158 P.3d 922, 926 (Colo. 2007) (" 'Shall' is a word of command, denoting obligation and excluding the idea of discretion.").

¶ 12 Had the supreme court, in promulgating the Colorado Rules of Juvenile Procedure, intended to permit the court discretion to give each respondent additional peremptory challenges, the rule could have so provided. *See Fieger,* 710 P.2d at 1137. Further, the supreme court could have included language similar to C.R.C.P. 47(h) requiring parties on the same side to join in challenges, but it chose not to do so. Thus, we are bound by the plain language of the rule which provides three challenges to all respondents.

¶ 13 Accordingly, we conclude that the juvenile court allocated the peremptory challenges based on the plain language of the C.R.J.P. 4.3(b); thus, we discern no error.

¶ 14 The order is affirmed.

CHIEF JUDGE LOEB and JUDGE MÁRQUEZ * concur.