The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
May 31, 2018

## 2018COA78

### No. 15CA1838, *People v. Laeke* — Criminal Procedure — Withdrawal of Plea of Guilty or Nolo Contendere; Affirmative Defenses — Pleading Insanity as a Defense

A division of the court of appeals interprets Crim. P. 32(d), which allows a defendant to move to withdraw a plea of guilty or nolo contendere.  The division concludes that Rule 32(d) does not apply to motions to withdraw pleas of not guilty by reason of insanity.  The division therefore affirms the postconviction court's order that denied defendant's Rule 32(d) motion.

COLORADO COURT OF APPEALS                                    2018COA78

---

Court of Appeals No. 15CA1838
City and County of Denver District Court No. 04CR503
Honorable Edward D. Bronfin, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Abel Gebre Laeke,

Defendant-Appellant.

---

ORDER AFFIRMED

Division VII
Opinion by JUDGE BERNARD
Berger and Plank*, JJ., concur

Announced May 31, 2018

---

Cynthia H. Coffman, Attorney General, Matthew S. Holman, First Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Antony Noble, Alternate Defense Counsel, Lakewood, Colorado, for Defendant-
Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2017.

¶ 1    Defendant, Abel Gebre Laeke, filed a motion that asked the postconviction court to allow him to withdraw his plea of not guilty by reason of insanity.  He relied on Crim. P. 32(d).

¶ 2    This appeal presents the question whether Rule 32(d) governed defendant's request.  We conclude that it did not.  We therefore affirm the postconviction court's order that denied defendant's motion.

## I.  Background

¶ 3    In 2004, the prosecution charged defendant with one count of criminal attempt to commit unlawful sexual contact and one count of indecent exposure.  These charges were based on events that occurred while defendant was a patient at a psychiatric ward in Denver.  *See People v. Laeke*, 2012 CO 13, ¶ 3.

¶ 4    At defendant's arraignment, defense counsel entered an insanity plea on his behalf.  Defendant objected.  The trial court noted his objection, but it nonetheless decided to send him to the Colorado Mental Health Institute at Pueblo for a competency evaluation.

¶ 5    After the evaluation, a doctor at the Mental Health Institute decided that defendant was incompetent.  The trial court agreed,

1

and it returned him to the Mental Health Institute until he was restored to competency.

¶ 6    The trial court also ordered the Mental Health Institute to evaluate defendant to determine whether he had been insane at the time of the crimes. The doctor formed the opinion that defendant had been insane.

¶ 7    A doctor later found that defendant had been restored to competency.

¶ 8    The trial court set a hearing to determine the status of the case. At the hearing, the prosecution decided to stipulate that defendant had been insane at the time of the crime. *See id.* Defense counsel asked the court to accept a plea that defendant had been insane, despite his objection that he "hop[ed] to prove" at trial that he had not committed the crimes. *Id.* at ¶ 5.

¶ 9    The court accepted the insanity plea, and it found defendant not guilty by reason of insanity. Defendant spent almost ten years at the Mental Health Institute.

¶ 10    At the end of this period, defendant was placed in the community. Shortly thereafter, he filed the Rule 32(d) motion to withdraw his insanity plea that forms the basis of this appeal. In it,

he claimed that he had not been competent when the trial court entered the insanity plea over his objection. He added that (1) Rule 32(d) was the appropriate vehicle to support his claim because insanity pleas are "in the nature of confession and avoidance"; and (2) "there must be some remedy available," even though Rule 32(d) does not mention insanity pleas.

¶ 11　　The postconviction court denied the motion. For the purposes of our analysis, the court pointed to the absence of any reference to insanity pleas in Rule 32(d). The court then decided that Rule 32(d) only governed requests to withdraw guilty pleas and nolo contendere pleas. The court also concluded that guilty pleas and nolo contendere pleas "admit (or at least do not deny) guilt for the crime(s) charged." In contrast, a judgment that a defendant was insane at the time of the crime absolves him or her of criminal responsibility. As a result, the court concluded that Rule 32(d)'s "procedure for withdrawing an admission of guilt" did not apply to defendant's request to withdraw his insanity plea.

¶ 12　　Turning to defendant's assertion that he would not have a remedy if he could not rely on Rule 32(d), the court concluded that "[t]he remedy for a [d]efendant who is being held at [the Mental

Health Institute] is a statutory one."  This statutory remedy is outlined in section 16-8-115, C.R.S. 2017.  It provides a defendant who has been found not guilty by reason of insanity with the annual opportunity to request that he or she be released from custody.

¶ 13    We conclude that Rule 32(d) did not apply to defendant's request to withdraw his insanity plea.  We do not address whether he had a remedy under any alternative statute or rule.

## II.  Rule 32(d) Does Not Apply to a Request to Withdraw an Insanity Plea

¶ 14    Rule 32(d) states that "[a] motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended."  Notwithstanding this plain language, defendant contends that it should also govern his request to withdraw his insanity plea.  We disagree, and we conclude, for the following reasons, that the postconviction court did not err when it denied defendant's Rule 32(d) motion.

¶ 15    The Colorado Constitution gives our supreme court plenary authority to promulgate the Colorado Rules of Criminal Procedure.  Colo. Const. art. VI, § 21.  The interpretation of these rules is a

question of law that we review de novo. *People v. Steen*, 2014 CO 9, ¶ 9. To determine "the appropriate construction of a rule of criminal procedure, we employ the same interpretive rules applicable to statutory construction." *Kazadi v. People*, 2012 CO 73, ¶ 11. We interpret words and phrases according to their plain and ordinary meanings, *People v. Voth*, 2013 CO 61, ¶ 21, and we will not add or subtract words from a rule, *see Turbyne v. People*, 151 P.3d 563, 567 (Colo. 2007). We apply facially clear and unambiguous language as the supreme court wrote it because we presume that it meant what it clearly said. *See People v. Durapau*, 280 P.3d 42, 45 (Colo. App. 2011).

¶ 16    A defendant may enter four types of pleas in a criminal case: (1) guilty; (2) not guilty; (3) not guilty by reason of insanity; or (4) nolo contendere. Crim. P. 11. But a request to withdraw a plea under Rule 32(d) applies to only two of these: a guilty plea and a nolo contendere plea. If the supreme court had intended Rule 32(d) to cover all four types of pleas, "it certainly knew how to say so." *People v. Griffin*, 397 P.3d 1086, 1089 (Colo. App. 2011). Instead, it is telling that Rule 32(d) does not refer to insanity pleas. *See id.*

¶ 17   Under the well-established rule of interpretation *expressio unius exclusio alterius*, the inclusion of certain terms in a rule implies the exclusion of others. *See City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1275 (Colo. 2010). Because we presume that our supreme court meant what it clearly said when it included only two of the four types of pleas in Rule 32(d), we conclude that it did not intend to include insanity pleas within Rule 32(d)'s scope. *See id.*

¶ 18   We also disagree with defendant's assertion that, for purposes of Rule 32(d), we should treat an insanity plea as the equivalent of a guilty plea because it includes an admission of the charged acts. *Cf. People v. Chavez*, 629 P.2d 1040, 1047 (Colo. 1981)("A plea of not guilty by reason of insanity is a plea in the nature of confession and avoidance."). But, again, the supreme court did not create this equivalence in Rule 32(d), even though it could have easily done so. *See Griffin*, 397 P.3d at 1089; *see also Thompson v. Drug Enf't Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007)("Had Congress intended such an unusual result, we expect it would have clearly said so.").

¶ 19   It is clear to us that an insanity plea should not be treated as the equivalent of a guilty plea because (1) the rules of criminal

6

procedure draw clear distinctions between the two, *compare* Crim. P. 11(b), *with* Crim. P. 11(e); (2) an insanity plea that a trial court accepts results in an acquittal of the charged offenses, while a guilty plea results in a judgment of conviction, *Laeke,* ¶ 18; and (3) an insanity plea "includes the plea of *not* guilty," § 16-8-103(1.5)(a), C.R.S. 2017; Crim. P. 11(e)(1) (emphasis added).

¶ 20    Based on this reasoning, we will not address defendant's additional contention that the postconviction court erred when it found that he was competent when the trial court entered the insanity plea over his objection.  Defendant's request to withdraw his not guilty by reason of insanity plea was not properly before the postconviction court because it did not fall within Rule 32(d)'s coverage.  The postconviction court's finding concerning his competency was therefore moot.

¶ 21    The order is affirmed.

JUDGE BERGER and JUDGE PLANK concur.