24CA0168 T Lazy v Dept of Local 04-03-2025

COLORADO COURT OF APPEALS

---

Court of Appeals No. 24CA0168
City and County of Denver District Court No. 23CV30751
Honorable Sarah B. Wallace, Judge

---

T Lazy W Park, LLC,

Plaintiff-Appellee and Cross-Appellant,

v.

Department of Local Affairs, Division of Housing, a Colorado State Agency,

Defendant-Appellant and Cross-Appellee.

---

APPEAL DISMISSED
AND JUDGMENT VACATED

Division III
Opinion by JUDGE DUNN
Tow and Taubman*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 3, 2025

---

Underhill Law, P.C., Colin E. Moriarty, Greenwood Village, Colorado, for
Plaintiff-Appellee and Cross-Appellant

Philip J. Weiser, Attorney General, Torrey Samson, Senior Assistant Attorney
General, Harlan Norby, Assistant Attorney General, Denver, Colorado, for
Defendant-Appellant and Cross-Appellee


*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1      Defendant, the Department of Local Affairs, Division of Housing (the Division), appeals the district court's judgment rejecting its determination that plaintiff, T Lazy W Park, LLC (the recreational community), is a mobile home park under the Mobile Home Park Act (Act). The recreational community cross-appeals. We dismiss the respective appeals as moot and vacate the district court's judgment.

I.     Background and Procedural History

¶ 2      In 2022, the recreational community sought guidance from the Division about whether the recreational community — a seasonal community containing some mobile homes — qualified as a mobile home park as that term was defined under the Act. *See* § 38-12-201.5(6), C.R.S. 2022. If it did qualify, the recreational community was subject to the Act's registration requirements.

¶ 3      At that time, and as relevant here, the Act defined a "mobile home park" as "a parcel of land used for the continuous accommodation of five or more occupied mobile homes." *Id.* Though the Act didn't define the phrase "occupied mobile homes," the Division adopted a rule defining that phrase, which had been in

1

effect since November 2020.  Div. of Hous. Rule 1.7, 8 Code Colo. Regs. 1302-15.[1]

¶ 4     The recreational community insisted that it didn't meet the statutory definition of a mobile home park because the mobile homes in the seasonal community were not continuously occupied. The Division disagreed and determined that the recreational community was a mobile home park under the Act and must comply with the Act's registration requirements.  The Division's determination was not part of an enforcement action, and the Division imposed no sanctions against the recreational community.

¶ 5     The recreational community then filed a complaint for judicial review of the Division's determination.  The district court reversed the Division's determination that the recreational community was a mobile home park under the Act.  In doing so, it concluded that the Division had misinterpreted the phrase "used for the continuous accommodation of five or more occupied mobile homes."  The court

---

[1] The rule defined "occupied mobile home[]" as one "for which the management or landlord . . . [h]as a rental agreement with a tenant for the home or lot" or "[i]s receiving rent payments for the home or lot from a tenant or a third party."  Div. of Hous. Rule 1.7, 8 Code Colo. Regs. 1302-15 (this definition was originally adopted in 2020 as Rule 1.5 but has since been renumbered twice).

also agreed with the recreational community that the Division didn't comply with its procedures when it issued its determination. And it alternatively held that, in the event it erred by reversing the Division's determination that the recreational community was a mobile home park under the Act, the determination was constitutional.

¶ 6      The Division appealed the district court's judgment, and the recreational community cross-appealed. Before the parties filed their respective briefs, however, the General Assembly amended the statutory definition of mobile home park under the Act and, among other changes, removed the words "continuous" and "occupied" from the definition. *See* § 38-12-201.5(6), C.R.S. 2024; *see also* Ch. 399, sec. 1, § 38-12-201.5(6), 2024 Colo. Sess. Laws 2731. Thus, to qualify as a mobile home park under the Act, the subject parcel is no longer required to have five or more mobile homes that are continuously occupied.

## II.      The Appeal and Cross-Appeal are Moot

¶ 7      Despite the 2024 statutory amendment, while the parties agree that some of the district court's judgment is moot, they each continue to challenge portions of the judgment. We address the

3

parties' respective contentions separately, but we conclude all the challenges are moot.

## A. Legal Principles and Standard of Review

¶ 8    An issue is moot when the relief sought, if granted, would have no practical effect on an existing controversy. *Van Schaack Holdings, Ltd. v. Fulenwider*, 798 P.2d 424, 426 (Colo. 1990). And "[i]f an event occurs while a case is pending on appeal that makes it 'impossible for the court to grant "any effectual relief" . . . to a prevailing party,' the appeal must then be dismissed as moot." *DePriest v. People*, 2021 CO 40, ¶ 8 (citations omitted); *see also San Juan Hut Sys., Inc. v. Bd. of Cnty. Comm'rs*, 2023 COA 10, ¶ 31 (noting statutory amendments enacted after the appeal was filed rendered part of the appeal moot). That's because under such circumstances, any opinion would be advisory, and "we must avoid issuing advisory opinions." *Stor-N-Lock Partners # 15, LLC v. City of Thornton*, 2018 COA 65, ¶ 38.

¶ 9    We review de novo whether an appeal is moot. *DePriest*, ¶ 8.

## B.   The Statutory Interpretation

¶ 10    Interpreting a statutory definition that is no longer in effect, the district court reversed the Division's determination that the recreational community is a mobile home park under the Act.

¶ 11    Though the Division appealed this portion of the district court's judgment, the parties agree — as do we — that the Division's appeal of this issue is now moot.  More specifically, because the statutory definition of mobile home park no longer includes the terms that the district court construed — "occupied" and "continuous accommodation" — any opinion on whether the district court properly interpreted the now obsolete statutory definition would be nothing more than an academic exercise.  It would have no practical effect on an existing controversy.  *See Giuliani v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 2012 COA 190, ¶ 14 ("[N]ew legislation can cause a case to be moot when it forecloses the prospect of meaningful relief.").

¶ 12    For this reason, and because no mootness exception applies, we will not consider the district court's interpretation of a statutory definition that is no longer in effect.

## C. The Procedural Irregularities

¶ 13    Even so, the Division asks us to review the district court's conclusion that the Division's determination violated its procedural regulations.

¶ 14    But the Division offers no reason why this issue isn't also moot or how a ruling would have any practical legal effect on an existing controversy.  After all, regardless of the procedures used, the determination interpreted a now obsolete statutory definition.  And the Division doesn't argue that its determination under the old statutory definition has any current effect or that any mootness exception applies.  We therefore conclude this issue is also moot.  *See Colo. Mining Ass'n v. Urbina*, 2013 COA 155, ¶¶ 31-32 (concluding that later legislation mooted a claim that an agency violated its procedural rules).

## D. The Constitutional Challenges

¶ 15    The recreational community cross-appeals the district court's alternate conclusion that the Division didn't violate the Colorado Constitution when it determined the recreational community was a mobile home park under the now obsolete statutory definition.

¶ 16    The recreational community, however, doesn't explain how anything we say about the court's alternate conclusion would have a practical legal effect on an existing controversy or be anything other than an advisory opinion.  *See United Bldg. & Constr. Trades Council v. Mayor & Council*, 465 U.S. 208, 213 (1984) (noting that the amendment of a municipal ordinance to delete a residency requirement mooted the constitutional challenge to that requirement).

¶ 17    To the extent the recreational community now asks us to issue an opinion on the constitutionality of the 2024 statutory amendment that modified the definition of mobile home park, that issue wasn't presented to the district court.  We "do not consider constitutional issues raised for the first time on appeal."  *City & Cnty. of Broomfield v. Farmers Reservoir & Irrigation Co.*, 239 P.3d 1270, 1276 (Colo. 2010).

¶ 18    And to the extent the recreational community asks us to review the constitutionality of the 2020 version of what is now Rule 1.7 — promulgated to interpret the old statutory definition of mobile home park — that issue is also moot.  The Division amended Rule 1.7 in 2024 to align with the 2024 statutory amendment.  *See* Div.

of Hous. Rule 1.7, 8 Code Colo. Regs. 1302-15 (effective Oct. 2024). Nothing we say about the 2020 rule that interpreted an obsolete statutory phrase will have any practical effect on an existing controversy. *See Air Pollution Control Comm'n of Colo. Dep't of Health v. Colo.-Ute Elec. Ass'n*, 672 P.2d 993, 997 (Colo. 1983) (noting that a challenge to a regulation that had since been repealed was moot).

## E.  The Remedy

¶ 19    "When a case becomes moot on appeal, the usual practice is to dismiss the appeal and vacate the lower court's judgment." *Van Schaack*, 798 P.2d at 427.  We see no reason this general rule doesn't apply to this case.

## III.  Disposition

¶ 20    We dismiss the appeal and cross-appeal as moot and vacate the judgment.

JUDGE TOW and JUDGE TAUBMAN concur.