**The PEOPLE of the State of Colorado, Plaintiff-Appellant,**

v.

**Robert BOULIES, Defendant-Appellee.**

**No. 82SA557.**

Supreme Court of Colorado,
En Banc.

Nov. 13, 1984.
Rehearing Denied Dec. 10, 1984.

*e.g., Annot.,* 88 A.L.R.3d 926 (1978). The correctness of that ruling is not raised on appeal.

Duane Woodard, Atty. Gen., Charles B. Howe, Deputy Atty. Gen., Joel W. Cantrick, Sol. Gen., Nathan B. Coats, Asst. Atty. Gen., Denver, for plaintiff-appellant.

Donald E. Janklow, Greeley, for defendant-appellee.

NEIGHBORS, Justice.

The People appeal the district court's ruling and order granting the defendant's motion for relief under Crim.P. 35(c). The district court ordered the defendant's judgments of conviction vacated on the ground that the presence of an alternate juror in the jury room during jury deliberations violated the defendant's constitutional right to a jury trial. The court further ordered that the defendant be retained in custody and that his retrial be promptly arranged. We vacate the order of the district court and remand for further proceedings.

1.  § 40–2–3(1), 3 C.R.S. (1963).

2.  § 40–5–1(2)(b), 10 C.R.S. (1967).

I.

On October 28, 1971, an information was filed in the Weld County District Court charging the defendant and two co-defendants with first-degree murder [1] and aggravated robbery.[2] A detailed summary of the evidence is reported in *People v. Boulies*, 545 P.2d 1050 (Colo.App.1975), a court of appeals opinion that was not selected for official publication. In that decision the defendant's April 1972 conviction on both charges was affirmed.

In April 1982, the defendant filed his amended Crim.P. 35(c) motion in which he raised three grounds for post-conviction relief. First, he alleged that an unauthorized person was present in the jury room during the deliberations of the jury. Second, he claimed that the conviction and sentence imposed violated the prohibition against double jeopardy because the aggravated robbery conviction merged into the offense of felony murder.[3] Third, he claimed that he was denied the effective assistance of counsel at trial and on appeal. The transcript of the Crim.P. 35(c) hearing and the district court's written ruling and order reflect that the second and third grounds for relief have not been the subject of a full evidentiary hearing or a ruling by the court. The only issue before us is the propriety of the trial court's decision on the legal effect of the alternate juror's presence during jury deliberations.

Since no testimony was presented at the Crim.P. 35(c) proceeding, the only evidence before the district court was the transcript of the 1972 trial. That transcript establishes that on April 26, 1972, at 5:14 p.m., the jury had been instructed on the law and the final arguments of counsel had been completed. The bailiff was sworn and the judge, now retired, who presided over the trial gave the following instruction to the thirteenth or alternate juror:

> Court will be in recess pending deliberations of the jury. Still on the record,

3.  The defendant was sentenced to life imprisonment on the murder conviction and fifty years to life for the aggravated robbery. The trial court's minutes of July 10, 1972, reflect that the sentences are to run consecutively.

the thirteenth juror will not involve herself with the deliberations unless one of the other jurors become[s] ill or have to absent themselves from the deliberations. She can go in and listen, but she cannot voice or vote unless, of course, there is a vacancy in the remaining twelve. Court is in recess.

The jury returned at 11:30 p.m. with guilty verdicts.

## II.

At the time of the trial in this case, Crim.P. 24(c), 1 C.R.S. (1963), contained the following provisions:

(c) *Alternate jurors.* The court may direct that not more than two jurors in addition to the regular jury be called and impaneled to sit as alternate jurors. Alternate jurors in the order in which they are called shall replace jurors who, *prior to the time the jury retires to consider its verdict,* become unable or disqualified to perform their duties. Alternate jurors shall be drawn in the same manner, shall have the same qualifications, shall be subject to the same examination and challenges, shall take the same oath and shall have the same functions, powers, facilities, and privileges as the regular jurors. *An alternate juror who does not replace a regular juror shall be discharged at the time the jury retires to consider its verdict.* When alternate jurors are impaneled, each side is entitled to one peremptory challenge in addition to those otherwise allowed by law.

(Emphasis added.) The district court found and the People agree that, in failing to discharge the alternate, the trial judge did not comply with the requirements of Crim.P. 24(c). The district court also concluded that "[i]t must be presumed" from the record that the alternate juror retired with the jury and observed the deliberations.

■ We disagree that it can be inferred with any assurance from this record that the alternate juror was actually present during the jury's deliberations. The trial judge, in stating that the alternate "can go in and listen" erroneously gave her permission to observe the jury's deliberations. Although this was contrary to Crim.P. 24(c), the judge did not instruct her in mandatory terms to retire with the jury. There is no suggestion in the record that she actually did so, and we cannot infer her actual presence from the judge's mere permission to observe the jury's deliberations. Accordingly, given the crucial nature of the factual issue in this case and the uncertain state of the record, we believe that justice requires that this matter be remanded for an evidentiary hearing.[4]

Because the issue presented here is one of first impression in Colorado, we will elaborate the principles applicable to the resolution of this matter by the district court. We have previously noted that a jury trial is one of the fundamental constitutional rights of a criminal defendant. *People v. Curtis,* 681 P.2d 504 (Colo.1984); *People v. Lesh,* 668 P.2d 1362 (Colo.1983); *see also People v. Evans,* 44 Colo.App. 288, 612 P.2d 1153 (1980) (fundamental right to a jury trial is a "paramount" constitutional right). The state constitution declares that "[t]he right of trial by jury shall remain inviolate in criminal cases ...." Colo. Const. art. II, § 23, and the legislature has affirmed that "[t]he right of a person who is accused of an offense other than a noncriminal traffic infraction or offense to have a trial by jury is inviolate and a matter of substantive due process of law as distinguished from one of 'practice and procedure'." § 16–10–101, 8 C.R.S. (1983 Supp.).

■ The People urge that, even if the alternate's presence at the jury's deliberations is established by the defendant, he should be required to demonstrate that the alternate had some effect on those deliberations. However, we view the presence of an alternate juror during the jury's deliber-

---

**4.** Upon remand, the district court should rule on all of the grounds for post-conviction relief urged by the defendant in his Crim.P. 35(c)

motion. This procedure will reduce the risk of piecemeal litigation in both the district and appellate courts.

ations as sufficiently impinging upon the defendant's constitutional right to a jury trial to create a presumption of prejudice that, if not rebutted, requires reversal.[5] A defendant under the circumstances of this case is constitutionally and statutorily guaranteed a jury of twelve, Colo. Const. art. II, § 23;[6] Crim.P. 23(a)(1), and is further guaranteed that the jury will reach its verdict in secrecy. *See Clark v. United States,* 289 U.S. 1, 13, 53 S.Ct. 465, 468–69, 77 L.Ed. 993 (1933) ("Freedom of debate might be stifled and independence of thought checked if jurors were made to feel that their arguments and ballots were to be freely published to the world.").

This view is consistent with the better reasoned authority from jurisdictions that have considered this question in the context of a rule similar to Crim.P. 24(c). For example, in *United States v. Virginia Erection Corp.,* 335 F.2d 868 (4th Cir. 1964), the alternate juror, although instructed not to participate, was allowed to remain with the jury during its deliberations. In holding this irregularity to be reversible error, the court noted that "twelve is the magic number" and that, although the parties could stipulate to fewer, no rule provided for more jurors. *Virginia Erection Corp.,* 335 F.2d at 871. The court also pointed out that the presence of the alternate juror may have acted in some way to restrain or otherwise influ-

ence the jury in its deliberations. We agree that:

> [T]he presence of the alternate in the jury room violated the cardinal principle that the deliberations of the jury shall remain private and secret in every case. The presence of any person other than the jurors to whom the case has been submitted for decision impinges upon that privacy and secrecy.

*Id.* at 872 (footnote omitted).

The Tenth Circuit employed a similar analysis in holding that the presence of an alternate juror during deliberations constitutes reversible error. In *United States v. Beasley,* 464 F.2d 468 (10th Cir.1972), the court noted that, "[o]nce the prescribed number of jurors becomes 'the jury,' then, and immediately, any other persons are strangers to its proceedings. Their presence destroys the sanctity of the jury and a mistrial is necessary." 464 F.2d at 470. *See also People v. Bruneman,* 4 Cal. App.2d 75, 40 P.2d 891 (1935); *Glenn v. State,* 217 Ga. 553, 123 S.E.2d 896 (1962); *Patten v. State,* 221 Tenn. 337, 426 S.W.2d 503 (1968).

Given these considerations regarding the defendant's fundamental right to a jury trial free from the intrusion of non-jurors, we are persuaded that the best analysis of the issue presented here is that adopted by the Washington Supreme Court. In *State v. Cuzick,* 85 Wash.2d 146, 530 P.2d 288 (Wash.1975), that court relied largely on

---

5. Once the petitioner makes a prima facie showing of the allegation in his petition that the alternate juror was present at deliberations, the burden shifts to the People to show by a preponderance of the evidence that she was not present. *See People v. Lesh,* 668 P.2d 1362 (Colo.1983); *People v. Adame,* 36 Cal.App.3d 402, 111 Cal.Rptr. 462 (1973). If the court finds that the alternate was present, then, consistent with the limitations imposed by CRE 606, the People may offer evidence to rebut the presumption of prejudice. In order to rebut the presumption the People must produce evidence which establishes that the error was harmless beyond a reasonable doubt. *See Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *See, e.g., Bowyer v. United States,* 422 A.2d 973 (D.C.App.1980) (alternate jurors' presence at lunch with regular jurors was not reversible error where alternate jurors did not enter jury room during deliberations and were

instructed not to discuss the case with the jury during lunch); *People v. Rhodes,* 38 Ill.2d 389, 231 N.E.2d 400 (1967) (where alternate juror went into jury room to get her coat and was not present during jury deliberations or when foreman was selected, her presence did not require reversal of defendant's conviction); *State v. Bindyke,* 288 N.C. 608, 220 S.E.2d 521 (1975) (mere temporary presence of alternate juror would not invalidate verdict if alternate removed from jury room before deliberations).

6. Colo. Const. art. II, § 23, provides:

> *Trial by jury—grand jury.* The right of trial by jury shall remain inviolate in criminal cases; but a jury in civil cases in all courts, or in criminal cases in courts not of record, may consist of less than twelve persons, as may be prescribed by law . . . .

the principle, constitutionally based, that the jury, whatever its size, "must reach its decision in private, free from outside influence." 530 P.2d at 289. The court concluded, as do we, that prejudice should be presumed to flow from a substantial intrusion of an unauthorized person into the jury's deliberations.[7]

The order of the district court is vacated and the matter remanded for further proceedings consistent with this opinion.

7. We do not consider the defendant's failure to object to the presence of the alternate juror at deliberations to require a different result. We have noted that the fundamental right to a jury trial is "one of the most important in our democracy," and that waiver of this right must be personally made by the defendant. *Rice v. People,* 193 Colo. 270, 271, 565 P.2d 940, 941 (1977); *see also People v. Curtis,* 681 P.2d 504, 511 (Colo. 1984) (waiver of the right to jury trial must be attended by procedural safeguards insuring voluntary, knowing, and intentional waiver). In the instant case there is no suggestion of an effective waiver in the record, and we reject the People's contention that the failure of the defendant to object to the presence of the thirteenth person at the jury deliberations establishes such a waiver.