Eva Marie **SPRINGS**, Plaintiff–Appellant,

v.

Ricki R. **PERRY**, Defendant–Appellee.

No. 98CA2599.

Colorado Court of Appeals,
Div. III.

Jan. 20, 2000.

Certiorari Denied Aug. 28, 2000.

Kiel & Trueax, P.C., Joseph Kiel, Englewood, Colorado, for Plaintiff–Appellant.

White and Steele, P.C., John M. Lebsack, Roland A. Soler, John P. Craver, Denver, Colorado, for Defendant–Appellee.

Opinion by Judge PLANK.

Plaintiff, Eva Marie Springs, appeals a judgment in her favor against defendant, Ricki R. Perry. We·affirm.

## I.

Before addressing plaintiff's contention, we first reject defendant's assertion that this court is without jurisdiction to consider this appeal. Plaintiff's notice of appeal was filed three days late which, absent a showing of excusable neglect, would constitute a jurisdictional bar. *See* C.A.R. 4(a). However, another division of this court determined that plaintiff's late filing was the result of excusable neglect, and we decline to revisit that decision.

## II.

Plaintiff, apparently dissatisfied with the amount of the jury's verdict, contends that the trial court erred when it improperly instructed the jury after substituting the alternate juror, asserting that the instructions were inadequate to overcome the presumption of prejudice to her right to a fair trial raised by such a substitution. We disagree.

The relevant facts are undisputed. Six regular jurors and one alternate heard the evidence over a period of approximately nine days. The alternate was then discharged, and the remaining jurors deliberated for approximately four hours before recessing for the evening. The following morning, one juror did not appear and could not be found. After the trial court summoned the alternate and questioned her as to whether she had discussed the case with anyone, done any research, formed any conclusions about the case, or had any contact with the parties, attorneys, or anyone else involved in the case, plaintiff acquiesced to reinstating the alternate and continuing deliberations.

The trial court instructed the reconstituted jury, which then deliberated for approximately four hours before returning its verdict in plaintiff's favor.

In the context of a criminal trial, there is no clear statutory authority for recalling a previously discharged alternate juror, nor is there a clear statutory prohibition of the practice. *Carrillo v. People,* 974 P.2d 478 (Colo.1999). When the parties consent to the substitution, however, the court's authority to make the substitution is not at issue.

*People v. Patterson,* 832 P.2d 1083 (Colo.App. 1992).

■ There is a rebuttable presumption that a criminal defendant's right to a fair trial is prejudiced by reinstating a previously discharged alternate juror. *People v. Burnette,* 775 P.2d 583 (Colo.1989). If, however, the trial court takes extraordinary precautions and adequately instructs the jury, that presumption of prejudice may be overcome. *Carrillo v. People, supra.* The trial court must instruct the reconstituted jury to begin its deliberations anew, and the trial court should inquire of the jurors whether they are capable of disregarding the previous deliberations and any opinions they may have formed, and whether they can be receptive to the replacement juror's views or non-conforming opinions. *People v. Burnette, supra.*

■ No appellate decision has determined if the same standards and presumption apply in the context of a civil trial. However, we conclude that the standard would be no higher in a civil action than in a criminal case and so, if the requirements of *People v. Burnette, supra,* were met and the presumption of prejudice was overcome, there can be no error in the trial court's decision. *Accord Griesel v. Dart Industries, Inc.,* 23 Cal.3d 578, 591 P.2d 503, 153 Cal.Rptr. 213 (1979), *overruled on other grounds, Privette v. Superior Court,* 5 Cal.4th 689, 854 P.2d 721, 21 Cal.Rptr.2d 72 (1993) (same standards and presumption apply in civil actions where state constitution guarantees right to a civil jury and statute regarding substitution of alternate jurors in civil cases was the same as that governing substitutions in criminal cases).

Plaintiff does not claim that the trial court's *voir dire* of the alternate prior to resuming deliberations was deficient. Instead, she claims only that the trial court erred in its instructions to the reconstituted jury when it failed to direct that deliberations must be restarted from the beginning, completely disregarding the deliberations involving the replaced juror. We perceive no error.

After examining the alternate, the trial court gave the reconstituted jury the following instructions:

THE COURT: Now I need to ask the rest of you if you are willing to proceed—well, proceed is the wrong word. What I have to ask is for you to *restart your deliberations.* What that means is to bring [the alternate] up to speed in terms of whatever conversations you had yesterday afternoon and *allow her to express any views she may have on the things that you have already discussed.* It doesn't mean that you have to replay the whole deliberation process you went through word-for-word, but at least bring her up to speed, what views were exchanged, *get her views so that you all are up to the same place and can go forward and complete deliberations at this time.* (emphasis added)

The court then inquired of each juror if it was possible to "proceed in that fashion," and each juror responded affirmatively. The court then instructed the jury:

THE COURT: All right, and just to make it clear, I am instructing you to *begin your deliberations anew* by bringing [the alternate] up to speed and *getting her views and then moving forward from there.* (emphasis added)

Plaintiff did not object to these instructions, but only inquired whether all the requirements of *People v. Burnette, supra,* had been complied with. The trial court responded that it was instructing the jury based upon *People v. Patterson, supra,* a case following *People v. Burnette,* to which plaintiff's attorney responded, "I'm fine then."

The trial court's precautions cured any prejudice to plaintiff. The trial court twice told the reconstituted jury that it must begin its deliberations anew. While some ancillary language in the trial court's instructions may have implied to the contrary, we perceive that language as merely suggesting to the jury what procedure might be followed to restart its deliberations. The trial court adequately instructed the jurors that they must take the alternate's views into account in reaching a verdict. Accordingly, the presumption of prejudice was overcome by the trial court's precautions, and we perceive no

reversible error in the trial court's procedure.

The judgment is affirmed.

Chief Judge HUME and Judge DAVIDSON concur.