2013 CO 12

**NORTHSTAR PROJECT MANAGE-MENT, INC., a Colorado corporation, Petitioner**

v.

**DLR GROUP, INC., a Colorado Corporation. Respondent.**

**Supreme Court Case No. 11SC494**

Supreme Court of Colorado.

February 11, 2013

Rehearing Denied March 4, 2013.

Attorneys for Petitioner: Walter H. Sargent, a professional corporation, Walter H. Sargent, Colorado Springs, Colorado.

Attorneys for Respondent: Pendleton, Friedberg, Wilson & Hennessey, P.C., Alan C. Friedberg, Cecil E. Morris, M. Turner Field, Denver, Colorado.

Lieben, Whitted, Houghton, Slowiaczek & Cavanagh, Keith A. Harvat, Omaha, Nebraska.

JUSTICE RICE delivered the Opinion of the Court.

¶ 1 In this contract action, we hold that the court of appeals erred when it held that the record designated by Respondent DLR Group, Inc. ("DLR") satisfied C.A.R. 10(b). DLR should have designated the entire trial transcript in this case along with all of the admitted exhibits to provide the appellate court with the necessary information to determine whether the evidence sufficiently supported the jury's verdict in favor of Petitioner Northstar Project Management, Inc. ("Northstar"). We therefore reverse the judgment of the court of appeals and remand for dismissal of DLR's appeal with prejudice pursuant to C.A.R. 38(e).

## I.  Facts and Procedural History

¶ 2 Northstar entered into a contract with DLR pursuant to which Northstar agreed to pay DLR $226,882 in exchange for DLR's completion of some of the tasks required under Northstar's agreement to operate and manage construction of a new building for the National Renewable Energy Laboratory. DLR began performing under the contract and submitted invoices to Northstar. Northstar paid DLR in part, but became dissatisfied with DLR's performance before fully satisfying DLR's invoices. Northstar's president and sole employee, Leandra Thompson, withheld $110,502.84 from DLR as the parties attempted to work through their differences. These negotiations proved unsuccessful and Northstar terminated the contract.

¶ 3 Northstar sued DLR for breach of contract and related declaratory relief. DLR counterclaimed for breach of contract and declaratory relief against Northstar. The case proceeded to a four-day jury trial.

¶ 4 Four witnesses, including Thompson, testified at trial regarding issues related to the parties' alleged breaches of the contract. The trial court also admitted a number of exhibits as evidence of the parties' contract claims. DLR moved the trial court for a directed verdict at the close of Northstar's case-in-chief on the grounds that Northstar failed to show any damages. The trial court denied the motion. At the close of evidence, the trial court instructed the jury to determine whether either Northstar or DLR breached the contract based on "the sworn testimony of all of the witnesses, all exhibits which have been received in evidence, all facts which have been admitted or agreed to, and all presumptions stated in" the jury instructions.

¶ 5 The jury determined that DLR breached the contract and accordingly rendered a verdict in favor of Northstar on its breach of contract claim. The jury found that Northstar suffered $151,186 in actual damages as a result of DLR's breach and—after subtracting the $110,502.84 that Thompson withheld from DLR prior to the commencement of the action from the total damages—awarded Northstar $40,683.16. To memorialize their decision, the jurors signed a verdict form

that read: "We, the jury, find for the Plaintiff, Northstar Project Management Inc., and award damages of $40,683.16 against the Defendant, DLR Group, Inc.".

¶ 6 DLR filed a post-trial motion for judgment notwithstanding the verdict ("JNOV"), or in the alternative, a new trial, arguing, among other things, that the jury erred as a matter of law because Northstar "failed to meet its *prima facie* case" and because the verdict was "not supported by any proper or legitimate measure of contract damages." DLR also took issue with the trial court's admission of several trial exhibits and argued that the admission of these exhibits led the jury to award "excessive" damages to Northstar. The trial court denied the motion and entered judgment in favor of Northstar. It then awarded Northstar costs and pre-judgment interest in addition to its damages.

¶ 7 DLR appealed the trial court's judgment to the court of appeals. About two weeks after filing its notice of appeal, DLR designated the appellate record. The designation included a transcript of Thompson' s trial testimony, all of the exhibits admitted at trial, a transcript of the pre-trial conference regarding DLR's evidentiary motion in limine, and a transcript of the conference between the trial court and the parties regarding DLR's motion for directed verdict. The designation did not include a transcript of any of the other three witness's trial testimony. In its responsive brief to the court of appeals, Northstar argued that DLR failed to comply with C.A.R. 10(b) by neglecting to designate a complete trial transcript.

¶ 8 The court of appeals held that DLR's designated record was adequate to review the sufficiency of the evidence to support the jury's verdict under C.A.R. 10(b). *Northstar Project Mgmt., Inc. v. DLR Group, Inc.*, No. 10CA1057, slip op. at 10–12, 2011 WL 1631979 (Colo.App. Apr. 28, 2011) (not selected for official publication). It reasoned that it was "beyond reasonable dispute that

Northstar's proof of damages was through Ms. Thompson' s testimony and supporting Exhibits 105 and 136[,] ... [t]herefore, DLR provided us with the record necessary to review the jury's award." *Id.* at 11. Moreover, the court of appeals opined that C.A.R. 10(b) required Northstar, rather than DLR, to designate additional portions of the record that it deemed necessary to refute DLR's challenge to the sufficiency of the evidence supporting the jury verdict. *Id.* at 11–12. Having determined that DLR complied with C.A.R. 10(b), the court of appeals analyzed the designated record and concluded that the evidence did not support the jury's verdict. *Id.* at 12. It accordingly vacated the jury's decision and remanded the case to the trial court for entry of an "award of $30,388.34 in favor of DLR." *Id.* at 22.

¶ 9 In a dissenting opinion, Judge Jones opined that DLR failed to comply with C.A.R. 10(b) and with Colorado case law because "a party challenging a finding on appeal must provide us with a complete record on the issue." *Id.* at 25 (Jones, J., dissenting). Judge Jones disagreed with the court of appeals majority's conclusion that it was beyond reasonable dispute that Thompson' s testimony and supporting exhibits 105 and 136 provided the only evidence necessary to review the sufficiency question, and also disagreed with the majority's decision to fault Northstar for failing to supplement the record with transcripts of additional trial testimony. *Id.* at 25–26 (Jones, J., dissenting).

¶ 10 We granted Northstar's petition for certiorari review of the court of appeals' opinion and now reverse the judgment of the court of appeals.[1]

## II. Analysis

¶ 11 DLR failed to comply with C.A.R. 10(b) when it designated a partial trial transcript because it did not provide the court of appeals with "all evidence relevant" to the contention that the evidence did not suffi-

---

1. We granted certiorari to determine:

   Whether the court of appeals erred when it interpreted C.A.R. 10(b) to require that the appellee designate portions of the trial record not designated by the appellant in a sufficiency of the evidence case, and, as a result of this interpretation, whether the court of appeals erred when it: (1) found that the evidence was insufficient to support the jury's damages award, and (2) described the ensuing reduction of the plaintiff's damages in terms of an "award" in favor of the defendant.

ciently support the jury verdict. Accordingly, the court of appeals did not have an adequate record upon which to determine the sufficiency of the evidence issue. We therefore reverse the judgment of the court of appeals and remand for dismissal of DLR's appeal with prejudice pursuant to C.A.R. 38(e).

### A. Standard of Review

¶ 12 We review questions of law involving statutory interpretation de novo. *Smith v. Exec. Custom Homes, Inc.*, 230 P.3d 1186, 1189 (Colo.2010). We interpret rules of procedure consistent with principles of statutory construction and, thus, review procedural rules de novo as well. *People v. Zhuk*, 239 P.3d 437, 438–39 (Colo.2010) (interpreting appellate rules on de novo review). We strive to give effect to the purpose of a procedural rule by adopting an interpretation that best effectuates that purpose. *See Smith*, 230 P.3d at 1189. In order to ascertain the purpose of a rule, we look first to its plain language. *See id.*

### B. C.A.R. 10(b) in a Sufficiency of the Evidence Case

¶ 13 C.A.R. 10 sets out the requirements that litigants must follow with respect to the appellate record. Specifically, C.A.R. 10(b) is intended to "insure that the appellate court will be given sufficient information to arrive at a just and reasoned decision." *City of Aurora v. Webb*, 41 Colo.App. 11, 13, 585 P.2d 288, 290 (1978). With respect to sufficiency of the evidence issues, C.A.R. 10(b) states in the relevant part: "If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of *all evidence relevant* to such finding or conclusion." (Emphasis added).

¶ 14 The plain language of this rule places the burden of designating "all evidence relevant" to the finding or conclusion challenged on sufficiency of the evidence grounds on the appellant because the legislature employed the mandatory word "shall" to describe the appellant's obligation. Our precedent supports this interpretation. For example, appellate courts must review *all* of the relevant evidence de novo in the light most favorable to the verdict to determine whether the evidence sufficiently supports the jury's decision. *Coors v. Sec. Life of Denver Ins. Co.*, 112 P.3d 59, 66 (Colo.2005) (reviewing the sufficiency of the evidence by considering the totality of the evidence in the light most supportive of the verdict). Therefore, requiring the appellant to designate all of the relevant evidence in a sufficiency case pursuant to the applicable portion of C.A.R. 10(b) ensures that the appellate court has access to the portions of the record it needs to apply the standard of review. *See People v. Ullery*, 984 P.2d 586, 591 (Colo.1999); *Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo.1994) (citing *Till v. People*, 196 Colo. 126, 127, 581 P.2d 299, 300 (Colo.1978)) (holding that the appellant must designate "all those portions of the record necessary for the appeal").

¶ 15 We now apply this interpretation to analyze whether DLR complied with C.A.R. 10(b) in this case.

### C. DLR Failed to Comply with C.A.R. 10(b)

¶ 16 DLR argued on appeal that the evidence at trial was insufficient to support the jury's verdict in favor of Northstar. As such, C.A.R. 10(b) required DLR, as the appellant challenging the sufficiency of the evidence, to "include in the record a transcript of all evidence relevant to" the jury verdict. The verdict form stated that: "We, the jury, find for the Plaintiff, Northstar Project Management, Inc., and award damages of $40,683.16 against the Defendant, DLR Group, Inc." Thus, C.A.R. 10(b) required DLR to designate "all evidence relevant" to the jury's determination that Northstar prevailed on its breach of contract claim and suffered $40,683.16 in damages on account of DLR's breach.

¶ 17 DLR did not comply with C.A.R. 10(b) because it failed to designate "all evidence relevant" to the jury verdict. This case revolved around whether DLR or Northstar breached the contract, and if either party suffered damages as a result of the other

party's breach. Because the parties did not assert any non-contract related claims, we presume that all of the evidence admitted at trial was relevant to determining these contract questions. *See* CRE 402 ("Evidence which is not relevant is not admissible."). As such, C.A.R. 10(b) required DLR to designate a complete trial transcript in addition to the other portions of the record designated in this appeal.[2] DLR designated only a partial trial transcript, omitting the admitted, and therefore relevant, testimony of several witnesses. As a result, the court of appeals did not have an adequate record upon which to review the sufficiency of the evidence question.[3]

¶ 18 Having held that DLR failed to comply with C.A.R. 10(b), and thus did not provide the court of appeals with an adequate record upon which to base its decision, we now consider an appropriate sanction. "When confronted with a party's failure to comply with the appellate rules, an appellate court should consider the full range of possible sanctions and select the one most appropriate under the circumstances presented in a particular case." *State for Use of Dept. of Corrections v. Pena*, 788 P.2d 143, 147 (Colo. 1990) (citations omitted). C.A.R. 38(e) permits an appellate court to dismiss an appeal if it deems such a remedy appropriate. *See Hinshaw v. Dyer*, 166 Colo. 394, 397, 443 P.2d 992, 993 (1968) ("[A] reviewing court may of its own motion dismiss a proceeding where the record is confused or incomplete."); *see also Deines v. Vermeer Mfg. Co.*, 969 F.2d 977, 979–80 (10th Cir.1992) (dismissing an appeal for appellant's failure to comply with Fed. R.App. P. 10(b)(2) in a sufficiency of the evidence case).

¶ 19 After considering the full range of possible sanctions, we hold that dismissal of DLR's appeal is appropriate in this in-

stance. DLR did not fulfill its obligation to designate the appellate record according to C.A.R. 10(b). It additionally neglected to designate a complete trial transcript even after Northstar challenged the incomplete designation prior to the court of appeals' review. Then, the court of appeals reviewed the incomplete record, reversed the jury verdict, and ordered entry of judgment for DLR. *See Hock*, 876 P.2d at 1252 (holding that a party may not benefit from its own failure to designate pertinent portions of the record). As such, dismissal of the appeal is appropriate in this instance. We accordingly reverse the judgment of the court of appeals and remand for dismissal of DLR's appeal with prejudice pursuant to C.A.R. 38(e).[4]

---

2. We recognize that in some sufficiency cases an appellant may comply with C.A.R. 10(b) by designating a partial trial transcript along with a statement of the issues on appeal. Because the entire trial transcript was relevant to the jury verdict in this instance, the partial-transcript component of C.A.R. 10(b) does not apply.

3. In some cases, C.A.R. 10(b) shifts the burden of designating additional portions of the record to

the appellee. Such a burden shift did not occur in this case because DLR failed to designate "all evidence relevant" to its sufficiency of the evidence challenge.

4. We do not reach the substantive legal issues posed by the certiorari question because DLR's violation of C.A.R. 10(b) obviated the need to consider those issues.