Colorado Court of Appeals Opinions || December 31, 2015


Colorado Court of Appeals -- December 31, 2015
2015 COA 179. No. 13CA0802. Johnson v. VCG Restaurants Denver.



 
 
 
 COLORADO COURT OF APPEALS

 
 2015 COA 179

 
 



 Court of Appeals No. 13CA0802
 City and County of Denver District Court No. 10CV4452
 Honorable Robert L. McGahey, Jr., Judge


 Albert Johnson,

 Plaintiff-Appellee,

 v.

 VCG Restaurants Denver, Inc., d/b/a PTâs All Nude, a Colorado corporation; and Ryan Lee Schonlaw,

 Defendants-Appellants.


 JUDGMENT REVERSED AND CASE
 REMANDED WITH DIRECTIONS

 Division IV
 Opinion by JUDGE HAWTHORNE
 Loeb, C.J., and Webb, J., concur

 Announced December 31, 2015


 The Viorst Law Offices, P.C., Anthony Viorst, Denver, Colorado, for Plaintiff-Appellee

 Berg, Hill, Greenleaf & Ruscitti, LLP, Rudy E. Verner, Boulder, Colorado; Lindsey M. Killion, Lakewood, Colorado, for Defendants-Appellants

 Â 


 Â Â¶1Â Â Â Â Â Â Â  As a matter of first impression in Colorado, we hold that C.R.C.P. 47(b) does not grant a trial court the discretion to permit an alternate juror to deliberate and participate fully with the principal jurors in considering and returning a verdict when one party objects. We also hold that erroneously permitting an alternate juror to do so is presumptively prejudicial.[1]


 
 Â¶2Â Â Â Â Â Â Â  In this action to recover damages for personal injuries, defendants, VCG Restaurants Denver, Inc., (VCG) and Ryan Lee Schonlaw, appeal the district courtâs judgment entered on a jury verdict in favor of plaintiff, Albert Johnson. We reverse and remand for a new trial.
 
 I. Facts and Procedural History
 
 Â¶3Â Â Â Â Â Â Â  Mr. Johnson was a patron at VCGâs adult nightclub. While waiting outside after the nightclub had closed, he was confronted by VCGâs employees. An altercation ensued between Mr. Schonlaw (VCGâs employee) and Mr. Johnson. As a result of this altercation, Mr. Johnson suffered physical injuries. He ultimately broughtÂ claims against several defendants, some of whom are parties to this appeal.


 
 Â¶4Â Â Â Â Â Â Â  In a pretrial order, the court informed the parties: âWe will seat an alternate juror. I will advise counsel on the first day of trial how the alternate will be designated. My preference is that the alternate be allowed to deliberate, but we will determine this before the end of the trial.â The alternate juror sat through the entire trial, and the court permitted the alternate to participate in all pre-deliberation discussions. After the close of evidence, the court asked the parties if they wanted to allow the alternate to deliberate. Mr. Johnson agreed to do so, but defendants objected. The court overruled defendantsâ objection.
 
 Â¶5Â Â Â Â Â Â Â  Then the court told the jury that all seven members, including the alternate, were going to deliberate. The court explained, âI decided the appropriate thing to do is to allow all seven of you to constitute the jury in this case, so you will all deliberate.â
 
 Â¶6Â Â Â Â Â Â Â  The jury deliberated and found in favor of several defendants, but it returned a verdict in Mr. Johnsonâs favor with respect to Mr. Schonlaw and VCG. The trial court entered a final judgment of $74,452.83 against Mr. Schonlaw and $246,462 against VCG.
 
 II. Alternate Juror Deliberation


 
 Â¶7Â Â Â Â Â Â Â  Defendants contend that the trial court erred in allowing an alternate juror to deliberate with the jury over their objection. We agree.
 
 A. Standard of Review
 
 Â¶8Â Â Â Â Â Â Â  We review de novo a district courtâs order interpreting a rule of civil procedure because it presents a legal question. City & Cty. of Broomfield v. Farmers Reservoir & Irrigation Co., 239 P.3d 1270, 1275 (Colo. 2010). We apply statutory construction principles to procedural rules. Northstar Project Mgmt., Inc. v. DLR Grp., Inc., 2013 CO 12, Â¶12. Thus, we interpret a procedural rule according to its commonly understood and accepted meaning, otherwise known as its plain language. Id.; Farmers Reservoir & Irrigation Co., 239 P.3d at 1275.
 
 B. Analysis


 
 11 9Â Â Â Â Â Â Â  We begin by examining Rule 47(b)âs plain language and then address whether erroneously applying the rule constitutes reversible error.[2]
 
 1. Error
 
 11 10Â Â Â Â Â Â Â  Under Rule 47(b), â[i]f the court and the parties agree, alternate jurors may deliberate and participate fully with the principal jurors in considering and returning a verdict.â Although defendants objected to the alternate juror deliberating, the court overruled their objection stating, âThese jurors have sat through five days of a very difficult trial, not only that because I allow pre-deliberation discussions, every one of those jurors has been involved in any pre-deliberation discussion that has been made, so Iâm going to exercise my discretion and allow the alternate to deliberate.â Apparently, the court relied on its discretion to prohibit or limit pre-deliberation discussions of evidence under C.R.C.P. 47(a)(5) as a basis for allowing the alternate juror to participate inÂ those deliberations. But even if Rule 47(a)(5) grants the court discretion to do so â a ruling neither challenged by defendants nor resolved in this opinion â Rule 47(a)(5) does not extend to allowing the alternate juror to ultimately deliberate with the regular jurors.


 
 Â¶11Â Â Â Â Â Â Â  The parties do not dispute that defendants objected to allowing the alternate juror to deliberate. And Rule 47(b) provides no exception to the requirement that the court and all parties must agree to an alternate jurorâs participation in deliberations. Thus, the trial court erred in ignoring the ruleâs plain language requiring defendantsâ agreement before permitting the alternate juror to deliberate.
 
 Â¶12Â Â Â Â Â Â Â  Mr. Johnson does not assert that Rule 47(b)âs plain language requires a contrary conclusion. Instead, he argues that there is no constitutional provision barring civil juries consisting of seven jurors. And he asserts that the language of C.R.C.P. 48 stating that â[t]he jury shall consist of six persons, unless the parties agree to a smaller number, not less than three,â and almost identical language under section 13-71-103, C.R.S. 2015, indicates that a court has the discretion to allow a jury of seven to deliberate. Furthermore, he claims that the courtâs discretion to discharge an alternate jurorÂ under section 13-71-142, C.R.S. 2015, grants courts the discretion to permit alternate jurors to deliberate.


 
 Â¶13Â Â Â Â Â Â Â  Regardless of whether a court may empanel six or seven jurors or discharge an alternate, the question is whether Rule 47(b) permits alternates to deliberate when one party objects. Mr. Johnson does not explain why we should look to Rule 48 or sections 13-71-103 and 13-71-142 when Rule 47(b) directly addresses this issue. If a rule is clear and unambiguous on its face, we should not look beyond its plain language. See Vigil v. Franklin, 103 P.3d 322, 327 (Colo. 2004). And as discussed previously, Rule 47(b)âs plain language does not grant a court discretion to permit an alternate to deliberate without the partiesâ agreement.
 
 Â¶14Â Â Â Â Â Â Â  Mr. Johnson also relies on the dissent in Haralampopoulos v. Kelly, ___ P.3d ___, ___ , 2011 WL 4908743 (Colo. App. No. 10CA0668, Oct. 13, 2011), revâd, 2014 CO 46, for the proposition that after a court empanels an alternate juror, it has the discretion to permit that alternate to deliberate following a lengthy trial. However, the supreme court did not reverse that decision based on the dissentâs rationale as to the alternate juror issue. And in any event, Haralampopoulosâs dissent is inapplicable because itÂ concluded that all parties agreed to permit the alternates to deliberate, while defendants here objected to the alternate juror deliberating. As the dissent stated, â[f]or this reason, the cases that guardian relies on, which hinge on the appellant not having agreed to allow the alternates to deliberate, are inapposite.â Id. at 29 (Webb, J., dissenting). Accordingly, we conclude that the court erred in permitting the alternate juror to deliberate with the regular jurors.


 
 2. Reversal Required
 
 Â¶15Â Â Â Â Â Â Â  The question remains whether this error requires automatic reversal, as defendants contend. Although we decline to adopt an automatic reversal rule for two reasons, we nonetheless reverse.
 
 Â¶16Â Â Â Â Â Â Â  First, the standard in civil cases should be no higher than the standard adopted in criminal cases. See Springs v. Perry, 8 P.3d 517, 519 (Colo. App. 2000) (applying rebuttable presumption of prejudice in civil context when court reinstates discharged alternate after deliberations have begun). Holding otherwise would create an incongruity in the law, which is disfavored. See Morales-Guevara v. Koren, 2014 COA 89, Â¶30. Second, our supreme court recently narrowed the circumstances where automatic reversal applies inÂ criminal cases. See People v. Novotny, 2014 CO 18, Â¶27. And as discussed below, even before Novotny, our supreme court held that an automatic reversal rule does not apply in the criminal context when an alternate juror deliberates despite a partyâs objection. People v. Boulies, 690 P.2d 1253, 1257 (Colo. 1984).


 
 Â¶17Â Â Â Â Â Â Â  Alternatively, Mr. Johnson asserts that the error was harmless. We hold that allowing an alternate juror to deliberate despite a partyâs objection creates a presumption of prejudice which, if not rebutted, requires reversal. Thus, we apply the presumption of prejudice rule applied in our supreme courtâs prior analysis of an alternate juror participating in deliberations in a criminal case. Id. at 1257. And because Mr. Johnson fails to rebut this presumption, we conclude the error was not harmless.
 
 Â¶18Â Â Â Â Â Â Â  Whether to apply a presumption of prejudice when a court permits an alternate juror to deliberate with the regular jurors in a civil jury trial despite a partyâs objection is also a matter of first impression in Colorado. Although civil litigants do not have a constitutional right to a jury trial, the supreme courtâs analysis in the criminal context â where a jury trial is a constitutional right â is nonetheless informative.


 Â¶19Â Â Â Â Â Â Â  The supreme court first addressed the issue of whether an alternate juror is permitted to deliberate in Boulies. Although the court remanded the case to the trial court to determine whether the alternate was present during deliberations, it elaborated on the principles applicable to resolving whether prejudicial impact is presumed. See id. at 1255. The court was asked to adopt a rule requiring the defendant to demonstrate that the alternate juror affected the deliberations. Id. But it concluded that an alternate jurorâs mere presence during deliberations would sufficiently impinge on the defendantâs constitutional right to a jury trial so as to create a presumption of prejudice which, if not rebutted, would require reversal. Id. at 1255-56. Boulies explained âthat prejudice should be presumed to flow from a substantial intrusion of an unauthorized person into the juryâs deliberations.â Id. at 1257. Accordingly, Boulies stated that a threshold factual determination was whether the alternate juror had participated in deliberation. Then it concluded that âjustice requires that this matter be remanded for an evidentiary hearing.â Id. at 1255.

 
 Â¶20Â Â Â Â Â Â Â  In reaching this conclusion, the supreme court relied on the defendantâs constitutional and statutory right to a jury trial, as wellÂ as the guarantee that a jury reaches its verdict in secrecy. Id. at 1255-56. Although trial by jury is not a constitutional right in civil actions, under C.R.C.P. 38(a) a party is entitled to a jury trial âin actions wherein a trial by jury is provided by constitution or by statute.â See Colo. Coffee Bean, LLC v. Peaberry Coffee Inc., 251 P.3d 9, 27 (Colo. App. 2010). Our supreme court has recognized the sanctity of civil jury deliberations. Ravin v. Gambrell, 788 P.2d 817, 820 (Colo. 1990). And, despite the lack of a constitutional predicate for the right to a civil jury trial, âit is axiomatic that all litigants who are entitled to a jury trial in a proceeding, whether civil or criminal, are entitled to fair and impartial jurors.â Blades v. DaFoe, 704 P.2d 317, 320 (Colo. 1985).


 
 Â¶21Â Â Â Â Â Â Â  Following Boulies, in People v. Burnette, 775 P.2d 583, 584-85 (Colo. 1989), the supreme court held that a rebuttable presumption of prejudice also arises when a juror is replaced with an alternate juror during deliberations. Burnette reiterated the concern with allowing an alternateâs presence during deliberations was that ââ[o]nce the prescribed number of jurors becomes âthe jury,â then, and immediately, any other persons are strangers to its proceedings.ââ Id. at 589-90 (alteration in original) (quoting Boulies,Â 690 P.2d at 1256). The court declared that âthe presence in the jury room of any person unauthorized to participate in the deliberations destroys the sanctity of the jury, which must reach its decision in private and free from outside influence.â Id. at 590. Finally, Burnette concluded that the danger associated with the unauthorized participation of an alternate juror was at least equal to that of an alternate jurorâs presence during deliberations. Id. This conclusion is consistent with the Supreme Courtâs recognition that a defendant could be prejudiced by an alternate juror participating in deliberations. See United States v. Olano, 507 U.S. 725, 739 (1993).


 
 Â¶22Â Â Â Â Â Â Â  The same concerns with jury secrecy and sanctity that support a presumption of prejudice in criminal cases are present in civil cases. See Jones v. Sisters of Providence in Wash., Inc., 994 P.2d 838, 842 (Wash. 2000) (concluding that the rationale supporting the application of a presumption of prejudice when an alternate juror participated in criminal case deliberations applied equally where an alternate juror participated in civil case deliberations); see also State v. Cuzick, 530 P.2d 288, 289-90 (Wash. 1975) (applying presumption of prejudice in a criminalÂ case). And it is persuasive that Jones derived its presumption of prejudice from Cuzick, a criminal case our supreme court has described as providing the âbest analysisâ supporting the application of a presumption of prejudice. Boulies, 690 P.2d at 1256-57.


 
 Â¶23Â Â Â Â Â Â Â  Applying these principles here, because the alternate juror participated in deliberations with the regular jurors, the burden shifted to Mr. Johnson, the nonobjecting party, to rebut the presumption of prejudice. See id. at 1256 n.5.
 
 Â¶24Â Â Â Â Â Â Â  Mr. Johnson has not sought a remand hearing at which to rebut this presumption. Instead, he argues that on the existing record the trial courtâs error was harmless because the verdict would remain the same regardless of the alternateâs participation in deliberations, given the alternateâs participation in pre-deliberation discussions. However, he acknowledges that the jury was given an instruction to avoid reaching any conclusions until the end of trial:
 
 You must not individually or as a group form final opinions about any fact or about the outcome of this case until after you have heard and considered all of the evidence, the closing arguments of the attorneys, and the rest of the instructions in the law which I will give you.


 Absent evidence to the contrary, jurors are presumed to follow the courtâs instructions. Vaccaro v. Am. Family Ins. Grp., 2012 COA 9, Â¶29.

 
 Â¶25Â Â Â Â Â Â Â  Mr. Johnson does not point to anything in the record that suggests the jury failed to follow this instruction. Thus, regardless of any pre-deliberation discussion, we must assume that the jury had not yet reached a verdict before deliberating. And because the jury was deliberating on the outcome for the first time, we must assume that the alternate juror necessarily influenced the verdict.
 
 Â¶26Â Â Â Â Â Â Â  This latter assumption is consistent with Boulies, which asks only whether the alternate juror participated and cites to several cases where the presumption of prejudice was rebutted when alternate jurors were found not to have been present during deliberations. 690 P.2d at 1256 n.5. In fact, the People in Boulies argued that âeven if the alternateâs presence at the juryâs deliberations is established by the defendant, he should be required to demonstrate that the alternate had some effect on those deliberations.â Id. at 1255. However, the supreme court declined to adopt such a rule. Id. at 1255-56.


 
 Â¶27Â Â Â Â Â Â Â  Nor need we do so here because assessing Mr. Johnsonâs harmless error contention further would require an impermissible inquiry into the juryâs secret deliberations. See People v. Juarez, 271 P.3d 537, 546 (Colo. App. 2011); Montrose Valley Funeral Home, Inc. v. Crippin, 835 P.2d 596, 598 (Colo. App. 1992) (âCRE 606(b), applicable to both civil and criminal cases, prohibits inquiry into the deliberative processes of jurors.â). And CRE 606(b) has survived a constitutional challenge where it was applied to preclude evidence on a jurorâs racially biased statements during deliberations. Pena-Rodriguez v. People, 2015 CO 31, Â¶25 (âAccordingly, we conclude that the trial courtâs application of CRE 606(b) to bar admission of the jurorsâ affidavits did not violate Petitionerâs Sixth Amendment right.â). Thus, Mr. Johnson has failed to overcome the presumption that the alternate jurorâs participation in the deliberations prejudicially influenced the verdict and defendants are entitled to a new trial.
 
 III. Pro Rata Apportionment of Liability
 
 Â¶28Â Â Â Â Â Â Â  Defendants argue that the trial court erred in failing to give a verdict form and a jury instruction addressing the pro rataÂ apportionment of liability. We need not address this issue because of our resolution of defendantsâ first argument.


 IV. Conclusion

 Â¶29Â Â Â Â Â Â Â  The judgment is reversed, and the case is remanded for a new trial consistent with this opinion.

 CHIEF JUDGE LOEB and JUDGE WEBB concur.


 [1] The supreme court has granted certiorari in Roberts v. L & H, LLC, (Colo. App. No. 11CA1851, Mar. 7, 2013) (not published pursuant to C.A.R. 35(f)), a case that may prove dispositive, but has not yet been decided.

 [2] Although Mr. Johnson conceded at oral arguments that the trial court erred, we are not bound by this concession and address this argument. See People v. Knott, 83 P.3d 1147, 1148 (Colo. App. 2003).Â 




These opinions are not final. They may be modified, changed or withdrawn in accordance with Rules 40 and 49 of the Colorado Appellate Rules. Changes to or modifications of these opinions resulting from any action taken by the Court of Appeals or the Supreme Court are not incorporated here. 



Colorado Court of Appeals Opinions || December 31, 2015


Back