JUSTICE GABRIEL, dissenting.
¶ 20 Today, the majority concludes that our recent decisions have established a harmless error or structural error dichotomy for cases like the present one and that the harmless error standard should apply here. In reaching this conclusion, the majority effectively (1) overrules over three decades of precedent and applies an outcome-determinative, harmless error standard, notwithstanding the fact that the error in this case defies review under such a standard, and (2) renders virtually meaningless C.R.C.P. 47(b), which allows an alternate juror to deliberate only upon agreement of the court and the parties.
¶ 21 As more fully set forth in my concurring opinion in James v. People, 2018 CO 72, 426 P.3d 336 (Gabriel, J., concurring in the judgment), which is also being announced today, the majority's analysis appears to be based on a false dichotomy. Specifically, contrary to the majority's view that in a case like this our review must either be for harmless error or structural error, both the United States Supreme Court and this court have recognized that in cases like the present one, which defy harmless error review, courts apply a third category of error, namely, one of presumed prejudice. See id. at ¶¶ 29-32, 426 P.3d at 342-43. Moreover, unlike the majority, I perceive nothing in People v. Novotny, 2014 CO 18, 320 P.3d 1194, or Laura A. Newman, LLC v. Roberts, 2016 CO 9, 365 P.3d 972, that altered or is in any way in conflict with this settled principle.
¶ 22 Accordingly, pursuant to United States v. Olano, 507 U.S. 725, 735, 739, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), People v. Burnette, 775 P.2d 583, 584-85, 587-88 (Colo. 1989), and People v. Boulies, 690 P.2d 1253, 1255-57 (Colo. 1984), I would conclude that when a case defies harmless error review, we should assess the error by applying a rebuttable presumption of prejudice. Applying that standard here, I would further conclude that Johnson has not rebutted the presumption of prejudice that arose from having an alternate juror participate in the entirety of the jury's deliberations, and I would therefore affirm the division's determination that a new trial is required. To hold otherwise would be to acknowledge that a significant error has occurred but to deny respondents Ryan Lee Schonlaw and VCC James Restaurants (collectively, "VCC James Restaurants") and parties like them a remedy. I do not believe that the law should countenance such a result.
¶ 23 For these reasons, I respectfully dissent.
I. Analysis
¶ 24 In my concurring opinion in James, ¶¶ 23-47, 426 P.3d at 342-45, I explained at length my view as to why we should continue to recognize a rebuttable presumption of prejudice in cases like the present one, in which a nonstructural trial error defies harmless error review. By not doing so, we are creating an analytical regime that will virtually always result in our recognizing a wrong while simultaneously denying an aggrieved party any remedy for that wrong. Indeed, as I read the majority's analysis, a violation of C.R.C.P. 47(b)'s requirement that the parties agree to allow an alternate juror to deliberate can never be prejudicial, unless, perhaps, if the alternate juror's presence caused the number of deliberating jurors to exceed twelve (and it is unclear to me that the majority would perceive prejudice even in that scenario). Thus, in the interest of clarifying that an error like that present here is not structural, the majority appears to adopt the opposite rule, namely, a rule of automatic affirmance. I respectfully cannot subscribe to such an analysis, which I believe *352 renders a longstanding rule of civil procedure virtually meaningless.
¶ 25 In reaching this conclusion, I am not persuaded by the majority's conclusion that cases like Novotny and Newman effectively overruled Boulies and its progeny. See maj. op. ¶ 10. Neither case expressly did so. Rather, both Novotny and Newman overruled prior cases that had mandated automatic reversals when challenges for cause were erroneously denied and the aggrieved party had exercised all of his or her peremptory challenges. See Newman, ¶¶ 3, 10, 365 P.3d at 973, 975 ; Novotny, ¶¶ 2, 27, 320 P.3d at 1196, 1203. As noted above, however, Boulies did not establish an automatic reversal rule, and neither Novotny nor Newman addressed the issue of presumed prejudice from nonstructural errors defying harmless error review.
¶ 26 Moreover, I perceive nothing in either Novotny or Newman that is inconsistent with Boulies. To the contrary, as noted above, both the United States Supreme Court and this court have recognized that the outcome-determinative, harmless error standard and the rebuttable presumption of prejudice are different standards that apply to different types of cases. See Olano, 507 U.S. at 735, 739, 113 S.Ct. 1770 ; Burnette, 775 P.2d at 590 ; Boulies, 690 P.2d at 1255-57. If a particular error affords a party an opportunity to establish harmless error, then the outcome-determinative, harmless error standard set forth in Novotny and Newman should apply. If the error is of the type that by its nature defies harmless error review, then the presumption of prejudice standard should apply. See Olano, 507 U.S. at 735, 739, 113 S.Ct. 1770 ; Burnette, 775 P.2d at 590 ; Boulies, 690 P.2d at 1255-57.
¶ 27 Accordingly, and given our consistent recognition that stare decisis principles require us to follow a rule of law established in our prior cases unless sound reasons exist for departing therefrom, see People v. Kutlak, 2016 CO 1, ¶ 18, 364 P.3d 199, 205, I perceive no reason to depart from Boulies and its progeny, nor do I perceive any basis for effectively overruling those cases. The question for me thus becomes whether the error in this case defies harmless error review.
¶ 28 Here, the parties do not dispute that an alternate juror improperly deliberated with the jury. We must therefore determine whether and how VCC James Restaurants could establish prejudice from this error.
¶ 29 The majority says that the outcome-determinative, harmless error test should apply here. See maj. op. ¶ 11. I, however, cannot see how VCC James Restaurants could show prejudice under this standard, given the restrictions of CRE 606(b).
¶ 30 CRE 606(b) provides, in pertinent part:
[A] juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict ... or concerning his mental processes in connection therewith.
Id.
¶ 31 In light of this prohibition, I cannot see how VCC James Restaurants could possibly establish (1) how, if at all, the alternate juror contributed to the jury's deliberations or (2) the impact, if any, that the alternate may have had on the other jurors. This, however, is precisely the kind of evidence that VCC James Restaurants would need to introduce to establish prejudice under the majority's test. As a result, I view this case as a prototypical example of a case in which the error evades harmless error review. Accordingly, I would apply the presumption of prejudice test to determine whether the error here requires reversal.
¶ 32 In Burnette, 775 P.2d at 590, we observed that the presumption of prejudice that arises from the improper involvement of an alternate juror in jury deliberations can be overcome by a showing that "the trial court took extraordinary precautions to ensure that the defendant would not be prejudiced and that under the circumstances of the case, the precautions were adequate to achieve that result." In this case, Johnson points to no precautions undertaken by the trial court to ensure the absence of prejudice, and the record reveals none. To the contrary, the record shows that the trial court wished *353 to allow the alternate to deliberate, VCC James Restaurants objected to the alternate's doing so, and the trial court overruled the objection and let the alternate deliberate anyway. The alternate juror then participated fully in the jury's deliberations, and I perceive nothing that would support a conclusion that the resulting presumption of prejudice has been overcome. See Olano, 507 U.S. at 741, 113 S.Ct. 1770 (observing that the presence of alternate jurors might be prejudicial if the alternates actually participated in the deliberations, either verbally or through body language); Manning v. Huffman, 269 F.3d 720, 726 (6th Cir. 2001) (noting that the Olano court made it "quite clear" that in some situations a presumption of prejudice is appropriate and concluding that an alternate juror's participation in deliberations was sufficient to show prejudice).
II. Conclusion
¶ 33 For these reasons, as well as for the reasons set forth in my concurring opinion in James, ¶¶ 23-47, 426 P.3d at 342-45 (Gabriel, J., concurring), I would continue to recognize a category of presumed prejudice for nonstructural trial errors that by their nature evade harmless error review. Applying that standard here, I would further conclude that Johnson has offered no evidence or argument sufficient to overcome the presumption of prejudice that arose when the trial court erroneously allowed an alternate juror to participate fully in the jury's deliberations. Like the division below, I would therefore reverse the judgment and remand this case for a new trial.
¶ 34 Accordingly, I respectfully dissent.
I am authorized to state that JUSTICE HOOD joins in this dissent.