25CA0223 Vreeland v Griffin 02-12-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 25CA0223
Jefferson County District Court No. 23CV201
Honorable Christopher C. Zenisek, Judge

Delmart Vreeland,

Plaintiff-Appellant,

v.

William T. Griffin; Tracey Eubanks Griffin; and The Griffin Law Firm, LLC,

Defendants-Appellees.

JUDGMENT AFFIRMED

Division I
Opinion by JUDGE LUM
J. Jones and Meirink, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced February 12, 2026

Delmart Vreeland, Pro Se

No Appearance for Defendants-Appellees

¶ 1    Plaintiff, Delmart Vreeland, appeals the district court's summary judgment in favor of defendants, William T. Griffin; Tracey Eubanks Griffin; and The Griffin Law Firm, LLC (collectively, Griffin).  We affirm.

## I.    Background

¶ 2    Vreeland is a Colorado Department of Corrections (DOC) inmate.  He hired Griffin in 2019 to represent him in legal malpractice claims against his former postconviction counsel and against the attorney he originally hired to bring the malpractice claim against postconviction counsel.  Unsatisfied with Griffin's work, Vreeland brought the underlying suit against Griffin for legal malpractice and breach of contract, among other claims.  Vreeland sought "general and compensatory damages, as well as damages associated with breach of contract, emotional distress, pre[-] and post[-]judgment interest, [and] litigation costs," asserting that he had suffered "monetary damages in excess of $500,000.00 out of pocket money, and in excess of $7,000,000.00 in civil damage recovery awards."

¶ 3    The court set a multiday jury trial to begin on January 31, 2025.  At an August 2024 hearing, the district court addressed a

discovery dispute wherein Griffin asserted that Vreeland had failed to provide documentation in connection with his claimed damages. The district court ordered Vreeland to disclose documents and computational information related to the damages within twenty-one days. The court also ordered Vreeland's attorney, James Avery, who had entered a limited appearance in Vreeland's case, to clarify his role in Vreeland's representation.[1]

¶ 4        On October 28, 2024, Vreeland filed a motion to compel discovery, in which he asserted that Griffin had failed to comply with his requests for records and to schedule an oral deposition. Vreeland also filed a motion to reset discovery deadlines and continue the trial to allow him more time to conduct discovery. The district court denied Vreeland's motions on December 27, 2024, noting that Vreeland had not responded to Griffin's discovery requests or conferred reasonably with them regarding deposition dates but that ample time remained to complete these tasks before the current trial date.

---

[1] Neither Vreeland nor Avery appeared at the hearing. Vreeland asserts that the court, Griffin, and Avery all failed to provide him with notice of the hearing and to arrange for his appearance with the DOC. Avery withdrew from this case on November 12, 2024.

¶ 5    On January 24, 2025, the district court granted Griffin's motion for summary judgment and dismissed Vreeland's case on two grounds. First, the district court concluded that Vreeland violated C.R.C.P. 26 by failing to (1) make necessary disclosures related to the calculation of damages and (2) identify expert witnesses and file expert reports.[2] Because the court also concluded that these violations lacked substantial justification, and Vreeland would be unable to prove his claims "without witnesses [or] evidence to support his exorbitant alleged damages," it dismissed the case under C.R.C.P. 37 and as a matter of law under C.R.C.P. 56.

¶ 6    Second, the court dismissed Vreeland's case because he didn't file a "certificate of review" consistent with section 13-20-602(3)(a), C.R.S. 2025, which requires the plaintiff in a professional malpractice case to certify that he consulted with an expert in the area of alleged malpractice and that the expert concluded that the plaintiff's claim doesn't lack substantial justification. Further,

---

[2] The court explained that Vreeland's "interwoven and complex" legal malpractice claims "likely requir[ed] proof through expert testimony."

3

Vreeland failed to comply with the court's order requiring him to disclose the certificate of review and the identity of the expert so that the court could verify the certificate's contents. *See* § 13-20-602(3)(b).

¶ 7     On appeal, Vreeland argues that the district court erred by (1) denying his motion to compel discovery; (2) denying his motion to extend discovery deadlines and continue the trial; and (3) dismissing the case based on his discovery violations.

## II.     Analysis

¶ 8     A trial court may enter summary judgment when there is no disputed issue of material fact, and the moving party is entitled to judgment as a matter of law. *McIntyre v. Bd. of Cnty. Comm'rs*, 86 P.3d 402, 406 (Colo. 2004). We review the trial court's grant of a motion for summary judgment de novo. *Id.*

¶ 9     A trial court's imposition of discovery sanctions is reviewed for an abuse of discretion, meaning we will reverse only if the ruling was manifestly arbitrary, unreasonable, unfair or based on a misapprehension of the law. *Cath. Health Initiatives Colo. v. Earl Swensson Assocs., Inc.*, 2017 CO 94, ¶ 8.

4

¶ 10    In his argument regarding the district court's dismissal of the case, Vreeland raises several contentions regarding the district court's treatment of him in comparison to its treatment of Griffin during the discovery-related hearings.  We construe these contentions as a claim that the dismissal should be reversed for actual bias.  *See People v. Jennings*, 2021 COA 112, ¶ 21 (noting that a claim of actual bias cannot be waived and may be reviewed on appeal even if unpreserved).

¶ 11    Actual bias is bias "that in all probability will prevent [a judge] from dealing fairly with a party."  *People v. Julien*, 47 P.3d 1194, 1197 (Colo. 2002).  "A claim of actual bias focuses on the subjective motivations of the judge," and disqualification is required when a judge demonstrates personal bias or prejudice towards a party or a party's lawyer.  *Jennings*, ¶ 20.

¶ 12    Vreeland alleges that, during a hearing on January 23, 2025, the district court prevented him from putting arguments on the record, interrupted him, "stutter[ed] when called out" for orders purportedly entered ex parte, wrongly accepted Griffin's assertion that Vreeland requested $7 million in emotional distress damages, and expressed frustration or impatience with him.  However, we

cannot evaluate Vreeland's arguments because he did not include transcripts of relevant pretrial proceedings as part of the appellate record. *See Hock v. N.Y. Life Ins. Co.*, 876 P.2d 1242, 1252 (Colo. 1994) (the appellant has the duty to designate all portions of the record necessary for appeal); *accord Northstar Project Mgmt., Inc. v. DLR Grp., Inc.*, 2013 CO 12, ¶ 14.[3]  Moreover, even if we took his statements about the court's behavior during the hearings as true, they amount to claims that the court (1) made adverse and erroneous legal rulings against him; (2) didn't grant him sufficient time to make his arguments; and (3) expressed frustration with him.  These claims don't merit disqualification.  *See People in Interest of S.G.*, 91 P.3d 443, 447 (Colo. App. 2004) (a judge's ruling on a legal issue or opinions formed against a party are not bases for disqualification); *People v. Dobler*, 2015 COA 25, ¶ 26 (A judge's remarks that are "critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias

---

[3] A motions division of this court previously denied Vreeland's motion to supplement the record with transcripts because (1) he didn't timely file a designation of transcripts with the district court; (2) it wasn't apparent that he paid for any transcripts to be produced; and (3) he didn't file a motion for state-paid transcripts in the district court.

or partiality challenge." (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994))); *Liteky*, 510 U.S. at 555-56 ("*Not* establishing bias or partiality . . . are expressions of impatience, dissatisfaction, annoyance, and even anger, that are within the bounds of what imperfect [people] . . . sometimes display.").

¶ 13     All of Vreeland's other challenges relate to the district court's (1) orders regarding his discovery motions and motion to continue the trial and (2) dismissal of the case under C.R.C.P. 37 as a sanction for Vreeland's discovery and disclosure violations. Vreeland doesn't raise any argument concerning the district court's other grounds for dismissing his case: his failure to provide the certificate of review as required by section 13-20-602 and to disclose the identity of the expert with whom he consulted before filing the lawsuit, as previously ordered by the court. Accordingly, we affirm the district court's dismissal on those grounds, and we need not address Vreeland's remaining arguments. *See Foxley v. Foxley*, 939 P.2d 455, 459 (Colo. App. 1996) (failure to challenge one of two alternate grounds for dismissal on appeal required

affirmance of the dismissal); *IBC Denv. II, LLC v. City of Wheat Ridge*, 183 P.3d 714, 716-17 (Colo. App. 2008).[4]

### III.    Disposition

¶ 14    The judgment is affirmed.

JUDGE J. JONES and JUDGE MEIRINK concur.

---

[4] In a separate motion, Vreeland contends that he was required to file his opening brief without access to the record on appeal and that the DOC didn't give him access to the record until "October 2025" — several months after he filed his opening brief. However, the record on appeal was transmitted on April 9, 2025, and the parties were notified of the transmission. Furthermore, a letter attached to Vreeland's motion from the prison law library granting him access to the record was dated August 18, 2025. Although that was still a few days after Vreeland filed his opening brief, we note that Vreeland didn't seek to file an amended opening brief with citations to the record. In any event, Vreeland's purported lack of access to the record didn't prevent him from making arguments regarding the court's discovery and disclosure orders, and we don't perceive that it would have prevented him from arguing that the court erred by dismissing his case for failing to follow the requirements of section 13-20-602, C.R.S. 2025, and the court's related order to disclose the identity of the consulting expert. Accordingly, Vreeland's alleged lack of record access doesn't affect our analysis.